UNITED STATES of America, Plaintiff–Appellee,

v.

Billy Gene HARRIS, Defendant–Appellant.

No. 93–5024.

United States Court of Appeals, Tenth Circuit.

Nov. 2, 1993.

Witness Protection Act of 1982 ("VWPA"). 18 U.S.C. §§ 3663–3664. We have jurisdiction under 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291.

Defendant was convicted of two counts of first degree murder for the killing of two American Indians on an Indian allotment. 18 U.S.C. §§ 1111, 1152. Following his conviction, the district court sentenced Defendant to life imprisonment and ordered Defendant to pay restitution to the victims' estates in the amount of $11,690.21. On a prior appeal, we affirmed Defendant's conviction but vacated the district court's restitution order and remanded for the district court to determine whether Defendant had the financial ability to satisfy a restitution order under 18 U.S.C. § 3664(a). *United States v. Harris*, No. 90–5028, 1992 WL 33210, at *10 (10th Cir. Feb. 21, 1992).

On remand, the district court determined that Defendant's employment within the Bureau of Prisons enabled him to satisfy a restitution order. On April 1, 1992, the court ordered Defendant to make restitution in the amount of $11,690.21. Defendant again appealed the restitution order. On September 4, 1992, while Defendant's appeal was pending, the district court amended its judgment, again fixing the amount of restitution at $11,-690.21 but also ordering that Defendant and codefendant Eugene Sides were "jointly and severally" liable for the amount of restitution. The district court further specified that the total amount received by the victims' estates from both defendants could not exceed $11,690.21.

Michael G. Katz, Federal Public Defender, Jill M. Witchlens, Asst. Federal Public Defender, Denver, CO, for defendant-appellant.

F.L. Dunn, III, U.S. Atty., Susan K. Morgan, Asst. U.S. Atty., Tulsa, OK, for plaintiff-appellee.

Before TACHA, BALDOCK, and KELLY, Circuit Judges.

BALDOCK, Circuit Judge.

Defendant Billy Gene Harris appeals the restitution order entered against him by the district court pursuant to the Victim and

We initially affirmed the district court's amended judgment. However, we subsequently granted Defendant's request for rehearing and held that the district court's amended judgment of September 4, 1992 was improper under Fed.R.Crim.P. 36. *United States v. Harris*, No. 92–5077, 1992 WL 367659, at *1 (10th Cir. Dec. 9, 1992). We determined that the amended judgment substantively changed the court's April 1, 1992 restitution order, rather than merely correcting a clerical error. *Id.* As a result, we reversed and remanded with instructions to vacate the restitution portion of the sentence

and to reenter an order after notice and hearing. *Id.* We also noted that on remand "[t]he sole issue to be decided [was] whether or not [Defendant's] liability for restitution should be joint and several with his codefendant who was ordered to pay one-half." *Id.*

On remand, the district court held a hearing and ordered Defendant to make restitution in the amount of $11,690.21. In that order, the district court again stated that Defendant's "liability be joint and several with codefendant Sides, who was previously ordered to pay $5,845.11, one-half of the total restitution amount."[1] Under this order, Defendant is to receive credit for any restitution amount paid by codefendant Sides. However, in the event codefendant Sides is unable to make restitution, Defendant is to be liable for the entire $11,690.21. In determining Defendant should be liable for the entire $11,690.21, the district court noted that Defendant "was the instigator and the brains behind this robbery and theft and killing, [and] to require him to pay the full amount ... I don't think that's asking too much." This appeal followed.

■ At the outset, we note that Defendant does not dispute the district court's calculation of the total amount of restitution,[2] nor does Defendant dispute the district court's determination that he is financially capable of making restitution in the amount of $11,-690.21. Defendant's sole argument is that the district court erroneously made him potentially liable for the full amount of restitution while ordering his codefendant to be liable for only one-half of the total amount. We review the legality of a sentence of restitution *de novo. United States v. Herndon,* 982 F.2d 1411, 1421 (10th Cir.1992). Under the VWPA, a restitution order that falls within statutory limits, however, is reviewed only for an abuse of discretion. *United States v. Clark,* 901 F.2d 855, 856 (10th Cir.1990); *United States v. Duncan,* 870 F.2d 1532, 1535 (10th Cir.1989), *cert. denied,* 493 U.S.

906, 110 S.Ct. 264, 107 L.Ed.2d 214 (1989), *and overruled on other grounds by Hughey v. United States,* 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990); *United States v. Richard,* 738 F.2d 1120, 1122 (10th Cir. 1984).

■ "Congress enacted the restorative provisions of the VWPA for the purpose of compensating victims of crimes." *United States v. Teehee,* 893 F.2d 271, 274 (10th Cir.1990). In determining whether restitution is appropriate and setting the amount of restitution, the district court must consider the victim's loss, the defendant's financial resources, and the financial needs and earning ability of the defendant and the defendant's dependents. 18 U.S.C. § 3664(a); *Clark,* 901 F.2d at 856. A sentencing court may not order restitution under the VWPA in an amount greater than the total loss caused by a defendant's conduct. *United States v. Arutunoff,* 1 F.3d 1112, 1121 (10th Cir.1993).

■ The record indicates the district court determined the victims' total losses and also determined Defendant had the ability to make restitution to the victims' estates. Furthermore, the court ensured the amount of restitution will not exceed the victims' total losses. We therefore hold the district court's restitution order is within the VWPA's statutory limits. As a result, we must now determine whether the district court abused its discretion in making Defendant potentially liable for the entire amount of restitution. *Clark,* 901 F.2d at 856; *Duncan,* 870 F.2d at 1535.

■ The structure of the VWPA "encourages individualized sentencing." *United States v. Satterfield,* 743 F.2d 827, 841 (11th Cir.1984), *cert. denied,* 471 U.S. 1117, 105 S.Ct. 2362, 86 L.Ed.2d 262 (1985). *See also United States v. Anglian,* 784 F.2d 765, 768 (6th Cir.) (sentencing court must consider

---

1. Although the district court states Defendant shall be "jointly and severally" liable for $11,-690.21, the court's order does not impose traditional tort-like joint and several liability in that it makes only one of two codefendants potentially liable for the entire amount of restitution.

2. At the January 4, 1993 hearing before the district court, defense counsel specifically stated that "[w]e don't contest the fact that the amount, the $11,600 roughly, is an appropriate restitution amount, assuming restitution is appropriate. So let's resolve that issue. We don't contest that area."

each individual defendant's financial needs and resources in issuing a restitution order), *cert. denied*, 479 U.S. 841, 107 S.Ct. 148, 93 L.Ed.2d 89 (1986). However, the VWPA does not indicate how a court should apportion a restitution award among multiple defendants. *See* 18 U.S.C. § 3664(a); *see also Satterfield*, 743 F.2d at 839 n. 10. Consequently, sentencing courts have taken different approaches in apportioning restitution liability among multiple defendants. A number of courts have upheld the imposition of joint and several liability among multiple defendants. *See e.g. United States v. Chaney*, 964 F.2d 437, 454 (5th Cir.1992); *United States v. Angelica*, 951 F.2d 1007, 1009–10 (9th Cir.1991); *United States v. Tzakis*, 736 F.2d 867, 871 (2d Cir.1984). Courts have also upheld apportionment of restitution liability based upon each defendant's degree of culpability. *See e.g. Anglian*, 784 F.2d at 766–68. A sentencing court's imposition of the entire amount of restitution liability solely upon one defendant even though a codefendant was equally culpable has also been approved. *See United States v. Hand*, 863 F.2d 1100, 1106 (3rd Cir.1988).

Although the VWPA does not dictate how restitution liability should be apportioned among multiple defendants, a sentencing court has wide discretion to fashion an appropriate sentence for an individual defendant. *Williams v. Illinois*, 399 U.S. 235, 243, 90 S.Ct. 2018, 2023, 26 L.Ed.2d 586 (1970); *Richard*, 738 F.2d at 1122. Codefendants need not receive identical sentences under the VWPA, *see Anglian*, 784 F.2d at 768, and "[t]he individualized focus of the VWPA necessitates the exercise of judicial discretion in the sentencing process." *United States v. Palma*, 760 F.2d 475, 478 (3rd Cir.1985). Because the VWPA requires a sentencing court to focus on an individual defendant's financial ability to make restitution, "some disparity in restitution orders [among codefendants] is inevitable." *Anglian*, 784 F.2d at 768.

In the instant case, the district court did not abuse its discretion in holding Defendant potentially liable for the entire amount of restitution. In fashioning an appropriate restitution order, the record indicates the court considered Defendant's role and culpability in the commission of the crime as well as his financial ability to make restitution to the victims. Because a sentencing court may properly consider relative culpability among defendants in fashioning a restitution order, *see Anglian*, 784 F.2d at 768,. we find no abuse of discretion.

AFFIRMED.