UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

THOMAS WAYNE WHITLOW,

        Defendant-Appellant.

No. 96-3246

---

ORDER
Filed September 5, 1997

---

Before PORFILIO and LOGAN, Circuit Judges, and BURRAGE, District Judge.*

---

This matter is before the court on defendant-appellant's petition for rehearing and motion that the petition be accepted out of time. In the interests of justice, we accept this filing and grant the petition. We recall the mandate, withdraw the order and judgment entered on June 6, 1997, and modify the judgment. A substitute order and judgment is filed this date and the mandate is reissued.

        Entered for the Court
        PATRICK FISHER, Clerk

---

*     Honorable Michael Burrage, Chief Judge, United States District Court for the Eastern District of Oklahoma, sitting by designation.

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 5 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

THOMAS WAYNE WHITLOW,

Defendant-Appellant.

No. 96-3246
(D.C. No. 95-20039-KHV)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before PORFILIO and LOGAN, Circuit Judges, and BURRAGE, District Judge.[**]

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Honorable Michael Burrage, Chief Judge, United States District Court for the Eastern District of Oklahoma, sitting by designation.

Defendant Thomas Wayne Whitlow appeals from a jury verdict finding him guilty of nine counts of mail and wire fraud.[1] He was sentenced to seventy-one months' imprisonment, and was ordered to pay $18,730 in restitution and $450 in special assessments. Mr. Whitlow has also been denied all telephone privileges during his incarceration.

Mr. Whitlow devised a scheme whereby he obtained money from elderly persons by calling and pretending to be a grandson in need of money either because he was in jail and needed to post bail or because he had been in a traffic accident and needed to pay the victim's medical expenses. Mr. Whitlow's co-defendant, Mr. Talley, would then take the phone claiming to be either a police officer, Mr. Whitlow's bondsman, or his lawyer. Mr. Talley would tell the victim where to send the money.

Mr. Whitlow decided whom to call by selecting names out of various phone books. He specifically targeted his victims by choosing someone whose first name might connote that the person was elderly. He generally looked for females whom he thought might be widows or living alone, thinking they would be easier targets. Some of the calls were placed while Mr. Whitlow was incarcerated.

---

[1]    Mr. Whitlow's co-defendant was also convicted. His appeal, United States v. Talley, No. 96-3269, was terminated December 30, 1996, on Mr. Talley's motion to dismiss.

On appeal, Mr. Whitlow argues the district court (1) abused its discretion in rejecting his waiver of his right to a jury trial; (2) lacked authority to order that he be deprived of all access to a telephone; and (3) erroneously imposed restitution in an amount exceeding the amount of the victims' losses. He also contends that the restitution should have been apportioned between both defendants and that his sentence should not have been enhanced under the vulnerable victim provision of the sentencing guidelines.

Mr. Whitlow argues the district court erred by not permitting him to waive his right to a jury trial. The decision of whether to grant a defendant's request for a trial to the court is committed to the trial court's discretion. See Patton v. United States, 281 U.S. 276, 299 (1930). Under the abuse of discretion standard, we will not disturb the trial court's decision unless we have "a definite and firm conviction that the . . . court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." Moothart v. Bell, 21 F.3d 1499, 1504 (10th Cir. 1994).

A jury trial is "the constitutionally preferred method of disposing of criminal cases." United States v. Martin, 704 F.2d 267, 272 (6th Cir. 1983) (citing Patton, 281 U.S. at 312). Therefore, in reaching its decision, the court must "avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof . . . ." Id. at 273.

Mr. Whitlow stated that he wanted a trial to the court so "if something is not done right in trial," he could later "come back and hold the judge responsible if the judge allows certain stuff to come in court and it's not by rights as far as law . . . ." R. Vol. VIII, tab 183 at 3. Mr. Whitlow also felt that the prosecutor would have an advantage before a jury because he would be able to play on the jury's emotions by presenting elderly people as witnesses which would elicit the sympathies of the jury and tend to make him look guilty. Id.

We agree with the district court that these reasons are insufficient to deny Mr. Whitlow "the mode of trial [which best] satisfies the public conscience that fairness dominate[] the administration of justice." Martin, 704 F.2d at 272 (quotation omitted). The district court did not abuse its discretion when it determined that the reasons Mr. Whitlow presented were insufficient to warrant a departure from the constitutionally preferred jury trial.

Mr. Whitlow also contends that the district court lacked the authority to order that he be deprived of all telephone access. We agree with Mr. Whitlow that the sentencing guidelines do not contain authority permitting the court to impose such a sentence.

A district court may only impose a sentence of a term of years and a fine for violations of 18 U.S.C. §§ 1341-43. Thus, the court has no statutory authority to regulate an inmate's conditions of confinement. A review of the sentencing

-4-

transcript reveals that the government asked the court to *recommend* that Mr. Whitlow's telephone access be denied to assist the Bureau of Prisons in fashioning the conditions under which Mr. Whitlow would be confined. See R. Vol. XII, tab 188 at 33-34. In its judgment, the district court stated that "[t]he defendant shall not be allowed any use of a telephone during his term of incarceration." Id. Vol. VII, tab 155 at 2. While the district court could only have intended to issue a recommendation, the court's language does read as a direct order. Therefore, we direct the district court on remand to modify this portion of the judgment to more clearly indicate that it is making the requested recommendation.

Mr. Whitlow argues the district court erroneously imposed restitution in an amount exceeding the amount of the victims' losses and that the restitution should have been apportioned between both defendants. "We review the legality of a sentence of restitution *de novo*." United States v. Harris, 7 F.3d 1537, 1539 (10th Cir. 1993).

A court may order a defendant to make restitution to victims of an offense, see 18 U.S.C. § 3663(a)(1), "to ensure that victims, to the greatest extent possible, are made whole for their losses." United States v. Arutunoff, 1 F.3d 1112, 1121 (10th Cir. 1993). Restitution, however, may not be ordered in an amount greater than the total loss caused by a defendant's conduct. Id. While the

statute does not explain how multiple defendants are to be treated, courts have apportioned the total loss among the defendants or made the obligation to pay joint and several. Id. at 1121 n.10. Courts have also imposed "the entire amount of restitution liability solely upon one defendant even though a codefendant was equally culpable . . . ." Harris, 7 F.3d at 1540.

Mr. Whitlow was ordered to pay $18,730.00 based on the losses incurred by the victims in the nine counts of the conviction. Of that amount, $5,730.00 was lost by one victim, Myrtle Thompson. Mr. Talley was also ordered to pay $5,730.00 to Ms. Thompson. As victims may not receive more in restitution than they have lost, any order which results in this occurrence exceeds the court's statutory jurisdiction and is illegal. See Arutunoff, 1 F.3d at 1121. Thus, we must modify the district court's order and direct that in the event Mr. Talley pays any restitution to Ms. Thompson, Mr. Whitlow should receive credit on his restitution order.[2]

Finally, Mr. Whitlow contends his sentence should not have been enhanced under the vulnerable victim provision of the sentencing guidelines. We review the factual findings on which a determination of victim vulnerability is based for

---

[2] Because Mr. Talley is not before this court, we are reluctant to order any change to Mr. Whitlow's sentence which would require modification of Mr. Talley's sentence. Therefore, both our and the district court's discretion to fashion a restitution order taking into account the options noted above is eliminated.

-6-

clear error. United States v. Hardesty, 105 F.3d 558, 559 (10th Cir. 1997). The district court's conclusion that the victims of the crime were vulnerable victims under U.S.S.G. § 3A1.1 concerns the court's interpretation and application of the guideline, and is reviewed de novo. United States v. McAlpine, 32 F.3d 484, 487-88 (10th Cir. 1994).

Sentencing Guideline § 3A1.1 provides that a defendant's base offense level should be increased by 2 levels "[i]f the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct." Mr. Whitlow argues that the district court enhanced his statement solely because the victims were elderly. The fact that a victim is "elderly" does not, without more, support a vulnerable victim enhancement. See United States v. Lee, 973 F.2d 832, 834-35 (10th Cir. 1992).

We do not agree that the district court enhanced Mr. Whitlow's sentence solely because the victims were elderly. The court stated that Mr. Whitlow targeted not just the elderly, but those he knew were especially vulnerable "because [of] their family ties [and] their sense of loyalty to family members . . . ." R. Vol. XII, tab 188 at 3. The court further noted that Mr. Whitlow did not pretend to be the victims' sons, but their grandsons with whom "the victims would not have had particularly close contact in terms of ability to

recognize their voices and so forth." Id. Further, at Mr. Talley's sentencing, the district court found that the victims were particularly susceptible to the criminal conduct as the victims "didn't trust their own judgment about whether they really were talking to their grandson or not. So they gave this caller every benefit of the doubt, more benefit of the doubt than they should have, but they were vulnerable." Id. Supp. Vol. III, tab 167 at 61-62. The district court did not err in enhancing Mr. Whitlow's sentence under the vulnerable victim guideline.

Mr. Whitlow's conviction is AFFIRMED. We REMAND this case to the district court with directions that the judgment be MODIFIED to (1) clarify that the telephone restrictions are a recommendation from the court and (2) to state that Mr. Whitlow's restitution is to be credited by any sums paid by Mr. Talley to the victim, Ms. Thompson.

IT IS SO ORDERED. The mandate shall issue forthwith.

Entered for the Court


John C. Porfilio
Circuit Judge

-8-