**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 3 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

THOMAS DAVID MARTIN,

    Defendant-Appellant.

No. 97-2269
(District of New Mexico)
(D.C. No. CR-96-72-JC)

**ORDER AND JUDGMENT**[*]

Before **MURPHY** and **HOLLOWAY**, Circuit Judges, and **MAGILL**, Senior Circuit Judge.[**]

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]Honorable Frank J. Magill, Senior Circuit Judge, United States Court of Appeals, Eighth Circuit, sitting by designation.

Thomas D. Martin appeals from the final judgment of the district court which obligated Martin to pay restitution in the amount of $25,462.97 to the victims of two robberies in which Martin participated. Martin contends that the restitution order is illegal because it obligates Martin and a co-defendant to pay an amount in restitution larger than the actual losses of the victims. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291[1] and **reverses**.

The restitution order at issue in this case was made pursuant to the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663. This court has summarized the law with regard to restitution orders under the VWPA as follows:

> "A sentencing court may not order restitution under the VWPA in an amount greater than the total loss caused by a defendant's conduct." *United States v. Harris*, 7 F.3d 1537, 1539 (10th Cir. 1993). In cases such as this when there are multiple defendants, "the VWPA does not indicate how a court should apportion a restitution award." *Id.* at 1540. As this court has held, however, a sentencing court may not require each codefendant to pay restitution for the entire loss suffered by the victim, because "victims theoretically could [thereby] receive more in restitution than they had lost, a result at odds with both the VWPA's limited purpose and its language." *United States v. Arutunoff*, 1 F.3d 1112, 1121 (10th Cir. 1993) (vacating restitution order after concluding district court exceeded its statutory authority

[1]The United States argues that this court lacks jurisdiction to entertain Martin's appeal because his notice of appeal was not timely filed. Although the district court announced Martin's sentence in open court on July 22, 1997, the judgment was not entered on the docket until July 30, 1997. Because Martin filed his notice of appeal on August 8, within ten days of the date the judgment was entered on the docket, his appeal was timely and this court has jurisdiction. Fed. R. App. P. 4(b).

because total amount of restitution orders imposed on codefendants exceeded total loss caused by conspiracy).

*United States v. Gottlieb*, No. 96-3278, 1998 WL 152984, at \*8 (10th Cir. April 3, 1998).

With that standard in mind, Martin contends that the restitution order is illegal because under the order he is obligated to pay $25,462.97, the entire amount of the victims' losses, while his co-defendant is severally obligated to pay $6365.24, twenty-five percent of the victims' losses.[2] If, according to Martin, both he and his co-defendant were to meet the restitution obligations imposed by the district court, the victims would receive restitution in amounts exceeding their losses. In response, the United States confesses error, agreeing that the district court's restitution order creates the possibility that the robbery victims will receive an amount in restitution larger than their actual losses.

This court has reviewed the parties' briefs and the record on appeal. In light of that review and the United States' confession of error, we conclude that the district court's restitution order impermissibly creates the possibility that Martin and his co-defendant will pay an amount in restitution greater than the

---

[2]Martin's motion to supplement the record with his co-defendant's judgment of conviction is hereby granted.

total loss caused by their conduct. *See Gottlieb*, 1998 WL 152984, at \*8.

Accordingly, we **VACATE** the district court's restitution order and **REMAND**

the case to the district court for resentencing consistent with this opinion.[3]

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge

---

[3]The United States further requests that this court instruct the district court to make the restitution order joint and several. Under the joint and several liability requested by the United States, Martin would receive credit for any payments made by his co-defendant but would remain liable for the entire amount of the loss should his co-defendant be unable to make restitution. Although the district court certainly has discretion to impose the restitution obligation joint and severally, it may also apportion restitution between co-defendants based on each defendant's degree of culpability. *United States v. Harris*, 7 F.3d 1537, 1540 (10th Cir. 1993). We leave that ultimate decision to the sound discretion of the district court on remand.