**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS DAVID MARTIN,

Defendant - Appellant.

No. 98-2240
(D. Ct. No. CR-96-72-JC)
(D. N. Mex.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal is from an order of the district court ordering defendant to pay $12,731.48 in restitution after remand from this court. Defendant appeals on the ground that the district court improperly denied him the opportunity for a hearing

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to present evidence on remand concerning the appropriate apportionment of restitution. We affirm.

The restitution order in this case was part of a sentence imposed upon defendant after pleading guilty to two counts of robbery affecting interstate commerce. Defendant appealed to this court in his first appeal arguing that the restitution amount was illegal because the total amount ordered to be paid by him and his co-defendant exceeded the total amount of the loss. This court agreed and remanded for resentencing. Upon remand, defendant filed a Rule 35 motion requesting a hearing on the restitution amount. In that Rule 35 motion, defendant waived his presence at the hearing. The district court denied the motion for a hearing but entered three amended judgments ultimately establishing defendant's restitution amount at $12,731.48 in an order dated October 14, 1998.

We review the district court's decision to hold a hearing upon resentencing of a defendant upon remand for an abuse of discretion. See United States v. Moore, 88 F. 3d 1231, 1235 (10th Cir. 1996). Further, "a sentencing court has wide discretion to fashion an appropriate sentence for an individual defendant." United States v. Harris, 7 F.3d 1537, 1540 (10th Cir. 1993) (citing Williams v. Illinois, 399 U.S. 235, 243, 90 S. Ct. 2018, 2023, 26 L.Ed. 2d 586 (1970)). Most importantly, the restitution provisions of the Victim Witness Protection Act ("VWPA") require an individualized focus on the defendant that necessitates the

exercise of judicial discretion. See id. Under the circumstances of this case, the district court was under no duty to hold a hearing. The district court had considered the facts underlying this restitution order on at least four occasions. Nothing in the remand order from this court required the district court to hold a hearing. Instead, the remand order was specifically limited to the error relating to the total amount of the restitution order that exceeded the loss amount. The district court therefore was limited in the remand from this court only to revising the total restitution order and apportioning the restitution amount between the two co-defendants so that the total did not exceed the total amount of the loss. The district court did that. The district court further revised its restitution order on remand twice, apparently reflecting the district court's consideration of the appropriate factors in the remand order, the facts of this case, and the considerations under the VWPA. Under these circumstances, we cannot say that the district court abused its discretion. The order of the district court is AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge