**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 6, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

AHMAD SALTI,

    Defendant - Appellant.

No. 21-3183

_____

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 5:14-CR-40138-DDC-1)**
_____

Virginia L. Grady, Federal Public Defender, John Arceci, Assistant Federal Public
Defender, and Matthew Frederickson, Research & Writing Attorney, Office of the Public
Denver, Colorado, for Defendant - Appellant

Duston J. Slinkard, United States Attorney, Tanya Sue Wilson and Kathryn E. Sheedy,
Assistant United States Attorneys, Office of the United States Attorney, District of
Kansas, Topeka, Kansas, for Plaintiff - Appellee
_____

Before **HARTZ**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

**HARTZ**, Circuit Judge.
_____

    Defendant Ahmad Salti appeals the district court's determination of how to

calculate his restitution obligation when his co-conspirator has also paid some restitution.

Defendant was sentenced to pay the victim $35,000 in restitution, which was a "Joint and

Several Amount" also owed by co-conspirator Pattrick J. Towner. R., Vol. I at 43. Mr. Towner's sentence required him to pay restitution to the victim of $72,000, owed jointly and severally with Defendant. After Defendant deposited $35,000 with the court clerk as restitution, the clerk informed the government that Defendant should receive a refund for overpayment. The clerk explained that Mr. Towner had paid $5,117.92 in restitution and the clerk had apportioned that amount pro rata between the obligation owed by both Defendant and Mr. Towner ($35,000) and the amount owed solely by Mr. Towner ($37,000). Because 35/72 of Mr. Towner's payments ($2,487.87) had been credited to the $35,000 in restitution owed jointly and severally by both defendants, Defendant had overpaid by that amount.

The government moved the district court to order the clerk not to pay Defendant a refund of $2,487.87. The district court agreed with the government, declaring that Defendant had to continue to make payments toward his $35,000 obligation unless (because of payments by Mr. Towner) the victim had already been fully compensated for its $72,000 loss. Defendant appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. The decision of the district court maximizes compensation to the victim and treats both Defendant and Mr. Towner fairly.

## I.    BACKGROUND

Defendant's father owned a convenience store with an ATM inside. Defendant informed Mr. Towner of the schedule for servicing the machine, and on September 16, 2014, Mr. Towner, armed with a semi-automatic handgun, robbed the service

provider of cash stored in the service van. He obtained at least $72,000. Fortunately, no one was seriously injured.

Defendant and Mr. Towner were indicted separately and appeared before different judges of the United States District Court for the District of Kansas. Defendant and the government reached a plea agreement, but it did not address restitution. At his sentencing hearing the court asked the government whether it had recovered any of the stolen money; the government replied that the money had not been recovered and brought up restitution, stating that "the restitution has to simply be joint and several at [$]73,000," which the government said was the total loss to the ATM service provider. First Supp. R. at 51. In part because the parties had not agreed on restitution, the hearing was continued to a later date.

At the continuation of the hearing, Defendant's counsel opened the discussion of restitution, saying, "[W]e are asking for a sum of $35,000 to be paid by [Defendant] as part of his sentence in this case." *Id.* at 14. The government responded that Defendant's "willingness to enter into a restitution of [$]35,000 certainly satisfies that side of the case." *Id.* at 15. Defendant and the government agreed that the parties would be bound to the restitution amount of $35,000 even though that term was not spelled out in the plea agreement. The court then confirmed with Defendant "that you have agreed to the imposition of a restitution obligation on you in the amount of $35,000." *Id.* at 18. Summarizing its decision, the court said it was "imposing the restitution obligation of $35,000, consistent with the agreement that the parties have articulated during this hearing." *Id.* at 24. Formally delivering the

sentence at the end of the hearing, the court said it was imposing restitution under "18 U.S.C. Section 3663" and for the first time mentioned that the $35,000 "[r]estitution is ordered joint and several with Pattrick J. Towner."[1] *Id.* at 30.

The judgment against Defendant, entered on March 21, 2016, two weeks after the continued hearing, reflected the signed plea agreement and the court's oral restitution order. The court sentenced Defendant to two years in prison and three years of supervised release, and it ordered that he pay a special assessment of $100 and $35,000 in restitution. The restitution provision specified that Defendant was liable for the restitution jointly and severally with Mr. Towner. Also, the judgment stated that the total loss to the victim was $72,000.

Mr. Towner pleaded guilty in March 2015. In May 2016, almost two months after Defendant was sentenced, the judge assigned to Mr. Towner's case sentenced him to serve 40 months in prison and three years on supervised release, to pay a special assessment of $100, and to pay $72,000 in restitution owed jointly and severally with Defendant.

The district-court clerk administered Defendant's and Mr. Towner's restitution payments. The Administrative Office of the United States Courts has developed

---

[1] The record does not make clear whether the district court imposed restitution under the Victim and Witness Protection Act, 18 U.S.C. § 3663, or the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A. *See United States v. Salti*, No. 14-40138-01-DDC, 2021 WL 4243128, at *3 n.5 (D. Kan. Sept. 17, 2021). Whether restitution was optional under § 3663 or mandatory under § 3663A is immaterial for our purposes because each statute applies the same restitution procedure, codified at 18 U.S.C. § 3664, *see* 18 U.S.C. §§ 3663(d) and 3663A(d).

computerized accounting systems and manuals that aid in this work, but the clerk remains responsible for applying the court's restitution orders. The first $100 Defendant and Mr. Towner each paid went to satisfying their special-assessment obligations. All further payments by Defendant and Mr. Towner went toward restitution.

The clerk interpreted Defendant's and Mr. Towner's restitution orders to mean that Defendant was responsible for $35,000 jointly and severally with Mr. Towner and that Mr. Towner was responsible for $35,000 jointly and severally with Defendant as well as for $37,000 individually. The clerk divided each of Mr. Towner's payments pro rata. Until the $35,000 joint and several liability was paid, 48.6% (35,000/72,000) of any payment Mr. Towner made was to go to paying off the $35,000 joint and several liability and 51.4% (37,000/72,000) was to be applied to the $37,000 individual debt. If Mr. Towner made a $100 payment, for example, $48.60 would go to the joint and several liability and $51.40 would go to the individual liability. After the $35,000 obligation was paid, 100% of Mr. Towner's payments would go to the remaining liability to the victim.

In August 2020, Defendant made a restitution payment of $7,827.38, bringing his total payments to $35,000. But because the clerk had been apportioning a percentage of Mr. Towner's payments to the $35,000 obligation, the clerk's accounting system deemed that Defendant had in fact overpaid by $2,487.87, which was the amount of Mr. Towner's payments that the clerk had credited to the $35,000 obligation. The clerk informed the government that it planned to reimburse that

5

amount to Defendant. Had it done so, Defendant's restitution obligation would have been satisfied when he had paid $32,512.13 and Mr. Towner had paid $5,117.92. The victim was, at this point, still owed $34,369.95. The government objected to the clerk's plan. It filed a motion asking the district court to direct the clerk to disburse to the victim all funds paid by Defendant and Mr. Towner until the victim had received full compensation of $72,000. Defendant opposed the motion. The court held a hearing at which the financial manager for the clerk's office was the sole witness.

The court concluded that Defendant had not overpaid. *See United States v. Salti*, No. 14-40138-01-DDC, 2021 WL 4243128, at *1 (D. Kan. Sept. 17, 2021). It adopted the analysis of the Fifth Circuit in *United States v. Sheets*, 814 F.3d 256 (2016), in applying 18 U.S.C. § 3664(h), the statutory provision permitting apportionment of restitution among defendants. *See Salti*, 2021 WL 4243128, at *3–*5. Section 3664(h) states:

> If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

*Sheets* said that a court apportioning restitution among multiple defendants had three options. First, the court could hold each defendant "liable for payment of the full amount of restitution, *i.e.*, joint and several liability among the defendants." 814 F.3d at 260. Second, the court could apportion liability among the defendants in accord with the defendants' responsibility for the loss and ability to pay. *See id.* Third, the court could

6

take a "hybrid approach," "employing a combination of the apportionment of liability approach while concurrently making all of the defendants jointly and severally liable." *Id*. The district court determined that the restitution orders against Defendant and Mr. Towner adopted this third approach. *See Salti*, 2021 WL 4243128, at *6.

Defendant presented three arguments against this conclusion. He first argued that "[t]he 'total amount' of the victim's loss for [Defendant] is $35,000 not $72,000." R., Vol. I at 61. The court disagreed: "The Judgment against [Defendant] explicitly concludes that the lone victim's 'Total Loss' was $72,000," 2021 WL 4243128, at *6, and Defendant had not objected to or appealed that portion of the judgment, *see id.*

Defendant also argued that because most defendants ordered to pay restitution for which they were jointly and severally liable were held jointly and severally liable for the same amount, he should be treated as though both he and Mr. Towner were jointly and severally liable for only $35,000. This argument, the court said, was not "faithful to this case's actual facts." *Id.* Moreover, said the court, Defendant's argument still would not give him any basis to object "if the government chose to collect the entire $35,000 restitution debt from him and then collect $37,000 from Mr. Towner." *Id.*

Finally, Defendant stated that he disagreed with the out-of-circuit case authority relied on by the government, but the only specifics he provided were to point out (apparently approvingly) that the First Circuit decision in *United States v. Scott*, 270 F.3d 30 (2001), said (1) that the total amount paid in restitution by

7

defendants could not exceed the loss to the victims and (2) that a restitution arrangement such as the one in this case (in which the liabilities of the defendants are not identical) is not "true joint and several liability" but "a creature of the restitution statute," *id.* at 53. The district court responded that *Scott* allowed a restitution approach that "parallels the one here," and that *Scott* concluded that the government could "hold any individual defendant liable for as much restitution as the court ordered as to that defendant" so long as it did not collect more than the victim's total loss. *Salti*, 2021 WL 4243128, at *6 (brackets and internal quotation marks omitted); *see United States v. Serawop*, 505 F.3d 1112, 1124 (10th Cir. 2007) ("[A] district court that orders restitution in an amount greater than the total loss caused by the offense thereby exceeds its statutory jurisdiction and imposes an illegal sentence." (original brackets and internal quotation marks omitted)).

The district court observed that this court has not clearly addressed how payments should be made in restitution orders that assign joint and several liability with apportionment. *See Salti*, 2021 WL 4243128, at *6. But it thought that the reasoning in *Sheets* was persuasive. *See id.* And it pointed out that adopting the government's position—not refunding any money to Defendant—would serve an essential purpose of restitution, namely, "'to ensure that victims, to the greatest extent possible, are made whole for their losses.'" *Id.* at *7 (quoting *United States v. Howard*, 887 F.3d 1072, 1076 (10th Cir. 2018)). The court understood the "predicament" facing the clerk, who was being "faithful to policy directives from the Administrati[ve] Office," but those directives could not override the law. *Id.* And it

8

did not think that its decision would create insurmountable administrative problems. *See id.*

On appeal Defendant contends that the district court impermissibly modified its restitution order by requiring that he pay the full $35,000. He admits that "there is nothing novel about apportioned liability being ordered joint and several with a codefendant." Aplt. Br. at 12. He recognizes that we permitted that approach in *United States v. Harris*, 7 F.3d 1537 (10th Cir. 1993). But, says Defendant, the court did not order Defendant "exclusively liable for the *entire* $35,000 restitution amount it imposed." *Id.* at 11. He contends that the district court modified his restitution order by refusing to give him credit for payments made by his jointly and severally liable co-conspirator, Mr. Towner. He claims that there is no support in this circuit's case law or the restitution statutes for the district court's view that "the combination of apportioned liability imposed jointly and severally [requires that] a defendant pay the entire amount he could possibly owe unless and until the victim is paid in full." *Id.* at 12. Correctly citing our circuit precedent that "restitution is a component of a criminal sentence," *United States v. Anthony*, 25 F.4th 792, 796 (10th Cir. 2022), and that a district court "does not have inherent authority to modify a sentence," *United States v. Dando*, 287 F.3d 1007, 1009 (10th Cir. 2002), he argues that the district court's order constituted a modification of his sentence that was without statutory authority.

## II.    DISCUSSION

Because we are comfortable affirming on the merits, we need not address the government's argument that Defendant did not adequately preserve in district court the argument he makes on appeal. We review for abuse of discretion the district court's decision regarding Defendant's restitution amount. *See United States v. Anthony*, 942 F.3d 955, 964 (10th Cir. 2019).

The import of the restitution orders in the judgments of conviction of Defendant and Mr. Towner is, for the most part, clear and unchallenged. Both found that the victim's loss was $72,000. Both declared that the liability of each defendant was joint and several with that of the other defendant. Mr. Towner's judgment states that his restitution liability is $72,000. Defendant's judgment states that his restitution liability is limited to $35,000. The only issue is when payments by Mr. Towner should be credited toward Defendant's liability. Or, to state the issue from a different perspective, when, if ever, is Defendant's restitution liability satisfied even though he has not paid the full $35,000. The district court decided that Defendant must continue to pay restitution until either (1) he has paid the full $35,000 or (2) the victim has received the full amount of its loss, $72,000. In our view, the district court did not abuse its discretion in reaching that decision.

At the outset, we acknowledge that the judgments against the two defendants could have specified in a different way how their restitution payments would be credited to the liability of each. *See United States v. Yalincak*, 30 F.4th 115, 129–30 (2d Cir. 2022) (describing such a restitution order). But to our knowledge the federal

courts have uniformly interpreted restitution orders like those in this case the same way the district court did here. *See, e.g.*, *Sheets*, 814 F.3d at 260–62; *Yalincak*, 30 F.4th at 126–31; *United States v. Novikov*, No. CR 11-189, --- F. Supp. 3d ----, 2022 WL 3723118, at *3–5 (E.D. Pa. Aug. 30, 2022) (restitution obligation is not satisfied until defendant has paid the amount apportioned to that defendant individually or the victim has been made whole for the entire harm), *reconsideration denied*, 2022 WL 9635105 (E.D. Pa. Oct. 17, 2022) (same); *United States v. Bierd*, No. CR-15-83-D, 2022 WL 101110, at *1 (W.D. Okla. Jan. 10, 2022) (same); *United States v. Wilson*, No. 6:14-CR-00028-GFVT, 2020 WL 5412976, at *6 (E.D. Ky. Sept. 9, 2020) (same); *United States v. Taut*, No. 3:07-CR-178-B, 2020 WL 4808700, at *2 (N.D. Tex. May 15, 2020) (same) (magistrate-judge report and recommendation), *report and recommendation adopted*, 2020 WL 4784715 (N.D. Tex. Aug. 17, 2020); *see also United States v. Broadbent*, 225 F. Supp. 3d 239, 244–46 (S.D.N.Y. 2016) (adopting the same approach as the general rule followed by other courts but making accommodations in this case because of specific language in judgment where sentencing judge was not aware of full loss by victim); *cf. United States v. Gonzalez*, No. SA-12-CR-260-XR, 2019 WL 2524840, at *2 (W.D. Tex. June 18, 2019) (purporting to follow *Sheets*). The other courts have adopted this approach because it is the most reasonable way to allocate restitution payments. It best serves the goal of maximizing recovery by victims and it is fair to the defendants paying restitution.

It cannot be disputed that the primary goal of restitution is to compensate victims of crime for the entire losses they have suffered. *See* 18 U.S.C.

11

§ 3664(f)(1)(A) ("In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant."); *Paroline v. United States*, 572 U.S. 434, 456 (2014) ("The primary goal of restitution is remedial or compensatory."); *Howard*, 887 F.3d at 1076 (restitution is intended "to ensure that victims, to the greatest extent possible, are made whole for their losses"; indeed, "the ordinary meaning of 'restitution' is restoring someone to a position he occupied before a particular event" (further internal quotation marks omitted)). It is also obvious that the approach proposed by Defendant impairs attainment of that goal. To begin with, there is the immediate impact of refunding $2,487.87 to Defendant. If the money were not refunded, it would go to the victim. Given the time value of money, any delay in payment is a reduction in the value of the compensation received by the victim. And if that money is returned to Defendant, the victim may never be fully compensated. By applying $2,487.87 of Mr. Towner's restitution payment toward the $35,000 owed by Defendant, Mr. Towner must now pay $39,487.87 in restitution before the victim receives its due. Given the slow pace at which Mr. Towner has been making restitution payments, one can question how far in the future, if ever, it will be before full compensation to the victim is paid. Of course, even if Mr. Towner is required to pay only $37,000, he may never contribute the full amount. But that possibility merely emphasizes the harm to the victim resulting from a refund to Defendant. The district court's approach maximizes benefit to the victim.

The district court's approach is also fair. Defendant unequivocally agreed to pay $35,000 in restitution (and in fact did so). It is no injustice to require him to pay that amount. Although, as the Supreme Court has pointed out, the policies underlying restitution law are not identical to those underlying tort law, *see Paroline*, 572 U.S. at 453–54, we think it relevant that in the tort context a defendant who is jointly and severally liable with other defendants is not entitled to contribution from the others until he has paid more than his apportioned share of the liability. *See Northw. Airlines, Inc. v. Transp. Workers Union of Am.*, 451 U.S. 77, 87–88 (1981) ("Typically, a right to contribution is recognized when two or more persons are liable to the same plaintiff for the same injury and one of the joint tortfeasors has paid more than his fair share of the common liability."); *Symons v. Mueller Co.*, 526 F.2d 13, 16 (10th Cir. 1975) ("contribution distributes the loss equally among all tortfeasors, each bearing his pro rata share"); Restatement (Third) of Torts: Apportionment Liab. § 23 cmt. f, at 287 (Am. L. Inst. 2000) ("If a person is otherwise entitled to recover contribution, contribution is limited to the amount that person pays to the plaintiff above that person's percentage of responsibility."); Unif. Contribution Among Tortfeasors Act § l(b), 12 U.L.A. 201–02 (1955 Revised Act) (superseded 2002) ("The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share.").[2]

---

[2] "A majority of states has adopted the Uniform Contribution Among Tortfeasors Act" and at least before 2000 no case had contradicted § 1(b).

Here, the district court approved the parties' agreement that Defendant's share of the restitution burden was $35,000. To be sure, the restitution liability of a criminal defendant (just as the civil liability of a joint tortfeasor) may need to be limited to avoid a windfall to the victim—that is, a recovery by the victim of more than the victim's loss. For example, if Mr. Towner had already paid restitution of $60,000, Defendant should not pay more than $12,000, to avoid overcompensation of the victim. But that is not the situation here. Mr. Towner has not come close to paying his share of the restitution, much less overpaying.

In addition, the inherent fairness of each defendant paying his share is undermined if Defendant is credited with $2,487.87 of Mr. Towner's payments and is refunded that amount. As a result, even though Defendant was able to pay $35,000, Mr. Towner could end up paying $39,487.87, which is more than the $37,000 apportionment contemplated by the judgments. That is why Mr. Towner's attorney submitted to the district court an amicus brief in support of the government's position.

Defendant appears to complain (1) that the notion of apportioning liability is inconsistent with principles of joint and several liability, which he says usually make

---

Restatement (Third) of Torts: Apportionment Liab. § 23 Reporters' Note to cmt. f, at 295 (Am. L. Inst. 2000). The Model Apportionment of Tort Responsibility Act, which replaced the Uniform Contribution Among Tortfeasors Act but has not yet been adopted by any State, similarly states that "a party that is jointly and severally liable with one or more other parties under this act has a right of contribution from another party for any amount the party pays in excess of the several amount for which the party is responsible." Model Apportionment of Tort Resp. Act § 7(a) 12 U.L.A. 25 (2003 Amended Act) (brackets omitted).

14

someone who is jointly and severally liable fully liable for the entire amount, and (2) that the district court's approach "entirely reads the 'joint' out of an order of joint and several liability." Aplt. Br. at 12. But as Defendant concedes, we have previously said that courts ordering restitution may combine joint and several liability with apportionment so that, for example, one defendant may have to pay full restitution while the other is ordered to pay only half. And we have recognized that such an order "does not impose traditional tort-like joint and several liability in that it makes only one of two codefendants potentially liable for the entire amount of restitution." *Harris*, 7 F.3d at 1539 n.1. Still, the use of joint-and-several-liability nomenclature in the restitution context serves an important function. It conveys that the victim can be fully compensated even if one of those liable is unable to pay that person's assigned share of the liability; if, for example, Defendant were not able to pay his $35,000 share, then Mr. Towner would be on the hook for the shortfall. This, of course, is the very purpose of joint and several liability in the tort context. As explained in *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 220–21 (1994), "Joint and several liability applies when there has been a judgment against multiple defendants. It can result in one defendant's paying more than its apportioned share of liability when the plaintiff's recovery from other defendants is limited by factors beyond the plaintiff's control, such as a defendant's insolvency. When the limitations on the plaintiff's recovery arise from outside forces, joint and several liability makes the other defendants, rather than an innocent plaintiff, responsible for the shortfall." *See* Restatement (Third) of Torts: Apportionment Liab. § 10 (2000) cmt. a, at 100 ("The

15

rationale for employing joint and several liability and thereby imposing the risk of insolvency on defendants [is] that as between innocent plaintiffs and culpable defendants the latter should bear this risk."). Contrary to Defendant's distorted view of joint and several liability, its purpose is not to relieve a liable party of a responsibility that the party is capable of assuming by imposing that liability on someone else. Here, there is no question that Defendant was able to pay his assigned share of $35,000. As a result, there is no need to make anyone else pitch in to make payments toward that share. And nothing in the district-court judgments should have suggested to Defendant that he could count on such contributions.

Defendant further suggests that his position finds support in the guidance to the court clerk provided by the Administrative Office of the United States Courts. When the clerk's office applied pro rata the restitution payments by Mr. Towner, it was doing its best to comply with that guidance and was using the accounting systems provided by the Administrative Office. But the exercise of administrative responsibilities by the clerk can hardly change the applicable law. And it is worth noting that after the Fifth Circuit decision in *Sheets*, the Administrative Office offered a new companion system to its computerized accounting system to help district courts follow the *Sheets* decision. Although it now uses the new system, the District of Kansas had not begun using it when the pro rata application was made in this case.

Defendant also says that "the district court ordered [Defendant] to pay $35,000 of the victim's $72,000 total loss and to do so jointly and severally because that is

16

what the parties proposed. The entry of [Defendant's] plea was predicated on that restitution agreement." Aplt. Br. at 14 (citations omitted). This, Defendant argues, means that when he agreed to pay restitution he could "anticipate and benefit from a reduction in his restitution liability for any of Towner's contributions towards that same liability." *Id.* at 11. But, as we have noted, the record shows that Defendant agreed to the $35,000 restitution amount without any guarantee that he would be jointly and severally liable for that amount. And, as we have explained, it misconceives joint and several liability to say that it provides that any defendant who is made jointly and severally liable can expect that his liability will be reduced through another defendant's contributions.

Finally, Defendant contends that joint and several liability with apportionment can be imposed only when a single judge orders restitution from co-defendants, and that a "hybrid" approach cannot be applied to Defendant's judgment because Defendant and Mr. Towner were sentenced by different judges. But this argument was forfeited by Defendant because it was not raised in district court, and it has been waived on appeal because it was not raised until the reply brief. *See Havens v. Colo. Dep't of Corr.*, 897 F.3d 1250, 1259 (10th Cir. 2018) ("We ordinarily deem arguments that litigants fail to present before the district court but then subsequently urge on appeal to be forfeited."); *United States v. Leffler*, 942 F.3d 1192, 1199 (10th Cir. 2019) ("The general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief." (brackets and internal quotation marks omitted)).

## III.    CONCLUSION

We **AFFIRM** the decision of the district court.