59 F.3d 179
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Billy Gene HARRIS, Defendant-Appellant.
 No. 94-5209.
 United States Court of Appeals, Tenth Circuit.
 July 5, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In this pro se appeal, Appellant challenges the district court's denial of his motion for a free transcript.[2] Following a jury trial, Appellant was found guilty of two counts of first degree murder. This court affirmed Appellant's conviction. United States v. Harris, 956 F.2d 279, 1992 WL 33210 (10th Cir.) (unpublished disposition), cert. denied, 504 U.S. 962 (1992). Subsequently, Appellant filed a motion in the district court to obtain a copy of his trial transcript to assist him in the preparation of a habeas corpus petition under 28 U.S.C. 2255. The district court denied Appellant's motion on the grounds that he failed to demonstrate that his complaint was not frivolous and that he needed the transcript to present his claim. We affirm.
 
 
 3
 "Under 28 U.S.C. 753(f), an indigent defendant is entitled to have the government pay the fees for a copy of his transcript in a 2255 proceeding only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit." Sistrunk v. United States, 992 F.2d 258, 259 (10th Cir.1993). Appellant appears to state two possible grounds for his allegedly forthcoming habeas corpus petition: first, that ineffective assistance of counsel was provided at trial; and second, that he was tried "under the wrong federal statute." This second issue has already been disposed of in the aforementioned appeal and, absent a change in the law, is not a proper basis for a habeas corpus action. As to the first claim, Appellant has failed to present enough factual support to prove that such a claim would not be frivolous. Appellant appears to suggest, for example, that several incriminating statements that he made should have been suppressed. However, a motion to suppress was made, the motion was denied, and this ruling was upheld on appeal. This cannot be a basis for an ineffectiveness of assistance claim. Appellant also suggests that his "trial counsel was acting as if he was (sic) prosecuting the case," and intimates that there may have been some conflict of interest. If, indeed, Mr. Harris' trial counsel had a conflict of interest, an ineffectiveness of counsel claim might not be frivolous. Mr. Harris, however, has provided utterly no substantiation for this claim; in any event, it is unclear how the trial transcript would assist him in proving such a claim. "Conclusory allegations that a defendant was denied effective assistance of counsel, without more, do not satisfy the requirements of 753(f)." Id.
 
 
 4
 The judgement of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Mr. Harris also submitted a document entitled "Motion for Summary Judgment." Such a motion is inappropriate in an appeal and is denied. However, insofar as the document presents additional arguments in support of his appeal, we have treated his motion as a supplemental reply brief