**UNITED STATES COURT OF APPEALS**
**Filed 8/27/96**
**TENTH CIRCUIT**

———————————

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

    No. 96-5067
    (D.C. No. 89-CR-72-2-B)

BILLY GENE HARRIS,
    (N.D. Okla.)

    Defendant-Appellant.

———————————

**ORDER AND JUDGMENT**[*]

———————————

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

———————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Billy Gene Harris, a federal prisoner proceeding *pro se* and *in forma*

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

*pauperis*, appeals the denial of his motion for return of property pursuant to Fed. R. Crim. P. 41(e). We exercise jurisdiction pursuant to 28 U.S.C. § 1291, *see United States v. Madden*,77 F.3d 1215, 1218 n. 1 (10th Cir. 1996), and affirm.

A jury convicted Mr. Harris of two counts of first degree murder in violation of 18 U.S.C. §§ 2, 1111, and 1152. On direct appeal, we remanded the case to the district court with directions to reconsider its restitution order, but affirmed Mr. Harris's conviction and sentence in all other respects. *United States v. Harris*, No. 90-5028, 1992 WL 33210 (10th Cir. Feb. 21), *cert. denied*, 504 U.S. 962 (1992). The district court reconsidered its ruling in accordance with our instructions and reimposed the restitution order. We affirmed. *United States v. Harris*, 7 F.3d 1537 (10th Cir. 1993). Mr. Harris later moved to obtain a free transcript to assist him in preparing a motion for post-conviction relief under 28 U.S.C. § 2255. The district court denied the motion and we affirmed. *United States v. Harris*, No. 94-5029, 1995 WL 394151 (10th Cir. July 5, 1995).

Mr. Harris then filed the motion for return of property pursuant to Fed. R. Crim. P. 41(e) which is the subject of this order and judgment. In his motion, Mr. Harris sought the return of property seized from his residence pursuant to a search warrant on May 19, 1989. After the government located the property, which

involved a substantial effort due to the age of the case, it contacted Joe

Chessawalla, the son and heir of Mr. Harris's victims, Mr. and Mrs. Chessawalla,

and showed him an inventory list. Mr. Chessawalla identified all of the property

as being items Mr. Harris had stolen during the robbery and murder of his parents.

The government returned the property to Mr. Chessawalla. In light of this

evidence, the district court found the property in question had been stolen from

Mr. and Mrs. Chessawalla and their son Joe Chessawalla was the rightful owner,

and denied Mr. Harris's motion.

Mr. Harris now contends the district court erred in denying his motion for

the return of property pursuant to Fed. R. Crim. P. 41(e). We disagree. In order

to prevail on a motion for the return of property, the claimant must prove either

than he owned the property in question or that the party in possession holds the

property unlawfully. *United States v. Maez*, 915 F.2d 1466, 1468 (10th Cir.

1990), *cert. denied*, 498 U.S. 1104 (1991). We review the district court's findings

on these issues for clear error. *Id.* at 1469. In light of the evidence submitted by

the government, the district court's finding Mr. Chessawalla, not Mr. Harris, is not the rightful owner of the property in question was by no means clear error.

**AFFIRMED.**

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge