**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 1 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BILLY GENE HARRIS,

Defendant-Appellant.

No. 98-5191
(D.C. No. 97-CV-416)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** [*]

---

Before **ANDERSON** and **KELLY** , Circuit Judges, and **BROWN** ,[**] Senior District Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Defendant seeks review of a district court order denying his 28 U.S.C. § 2255 motion to vacate his first-degree murder conviction.  The district court also denied a certificate of appealability under 28 U.S.C. § 2253(c).  For substantially the reasons stated at length in the district court's order denying relief, we likewise conclude that defendant has failed to make "a substantial showing of the denial of a constitutional right," and therefore deny his request for a certificate of appealability and dismiss the appeal.

Defendant was convicted of murdering an Osage Indian couple in their home during the course of an armed robbery.  His conviction was upheld against several challenges on direct appeal, though an order for restitution was vacated and remanded for reconsideration.  See United States v. Harris, No. 90-5028, 1992 WL 33210 (10th Cir. Feb. 21, 1992).  The restitution order was reimposed and then affirmed on a subsequent appeal.  See United States v. Harris, 7 F.3d 1537 (10th Cir. 1993).  Thereafter, defendant filed a motion for a free transcript to assist him in securing relief under § 2255.  The district court denied the motion because defendant failed to identify any non-frivolous § 2255 claims for which a transcript was needed.  This court affirmed.  See United States v. Harris, No. 94-5209, 1995 WL 394151 (10th Cir. July 5, 1995).  Defendant followed with

a motion under Fed. R. Crim. P. 41(e) for return of property seized at his residence pursuant to a warrant executed on the day of his arrest. The district court found the property in question had been stolen from the murder victims and denied the motion. This court summarily affirmed. See United States v. Harris, No. 96-5067, 1996 WL 494416 (10th Cir. Aug. 27, 1996).

Finally, defendant filed the instant § 2255 motion asserting the following grounds for relief:

1. The federal murder statute, 18 U.S.C. § 1111, did not apply to defendant's conduct outside the special maritime and territorial jurisdiction of the United States;

2. The Indian country offense statute, 18 U.S.C. § 1153, did not apply to the conduct of defendant, a non-Indian;

3. Defendant's charged offense did not take place on an Indian Reservation;

4. The location of defendant's offense fell outside the constitutional jurisdiction of the United States;

5. The district court lacked jurisdiction over defendant's offense;

6. The legislative powers of Congress do not reach defendant's offense;

7. Defendant's offense did not take place on allotment land or, if it did, that did not bring the offense within federal territorial jurisdiction;

8. The search of defendant's home and his subsequent arrest were illegal;

9. There was no probable cause to search or arrest;

10. The indictment was defective in that it was based on illegally

-3-

procured evidence and alleged as crimes statutory violations which do not apply to defendant and over which the United States Courts lacked jurisdiction;

11. Defendant was detained, without probable cause and based on illegally obtained evidence, in constructive federal custody by the Osage County Sheriff for 27 days without arraignment;

12. Trial counsel afforded ineffective assistance.

13. Appellate counsel afforded ineffective assistance.

See R Vol. III docs. 184 & 185. After determining that an evidentiary hearing was unnecessary, the district court issued a thorough order rejecting all of the claims asserted by defendant. See id. doc. 198.

The district court grouped together the first seven issues, all of which asserted jurisdictional deficiencies. As to the first two, the district court noted the statutory basis for conviction (with 18 U.S.C. § 1152 substituted for § 1153) had already been upheld on direct appeal. See Harris, 1992 WL 33210, at **3. This court's decision on appeal had also confirmed the requisite location of the offense: "The government established at trial that the alleged murders occurred within Indian country as required under § 1152." Id. Defendant's collateral attack on this latter determination was properly rejected by the district court based on BIA (Osage Agency) realty officer Royal E. Thornton's affidavit, which recounts the pertinent events in the chain of title and concludes that "the land is and has been since its original allotment a restricted Indian title (Indian Country),

one which has never been extinguished." R. Vol. III, doc. 195 attachment; _see_ _United States v. Ramsey_, 271 U.S. 467, 468, 470-72 (1926) (applying predecessor of § 1152 to murder on restricted Osage allotment); _United States v. Burnett_, 777 F.2d 593, 595-96 (10th Cir. 1985) (recognizing continuing vitality of _Ramsey_ for restricted Osage allotments). _See generally_ _Enlow v. Moore_, 134 F.3d 993, 995 n.2 (10th Cir. 1998) ("Restricted allotments of Indian land constitute 'Indian country.'"). Finally, the district court correctly held defendant's constitutional objections to the exercise of federal jurisdiction over Indian lands were meritless in light of long-settled precedent. _See_ _Donnelly v. United States_, 228 U.S. 243, 271-72 (1913); _United States v. Kagama_, 118 U.S. 375, 383-84 (1886)); _see also_ _United States v. Houser_, 130 F.3d 867, 872-73 (9th Cir. 1997), _cert. denied_, 118 S. Ct. 2074 (1998).

As for the non-jurisdictional search/seizure/arrest issues, the district court noted these had not been raised on direct appeal and, thus, were procedurally barred absent a showing of cause and prejudice or manifest injustice. _See_ _United States v. Frady_, 456 U.S. 152, 164-68 (1982); _United States v. Cook_, 45 F.3d 388, 392 (10th Cir. 1995). In light of defendant's separate claim of ineffective assistance of appellate counsel based in part on the omission of these issues from his direct appeal, the district court considered whether they possessed such evident merit that their omission would have constituted ineffective assistance,

excusing the procedural default. See Cook, 45 F.3d at 392. The court concluded that they did not and were, therefore, barred. We agree. Defendant's conclusory assertions do not demonstrate that any issue belatedly raised in this § 2255 proceeding would have been the "dead-bang winner" required to excuse the procedural default on direct appeal. Id. at 394-95.

Finally, the district court addressed and rejected, as stand-alone claims, defendant's allegations of ineffective assistance of trial and appellate counsel. Again, we agree. Numerous motions in the district court file belie defendant's broad complaints about counsel inaction and, for the rest, defendant's conclusory assertions fall far short of satisfying the controlling performance-and-prejudice test set out in Strickland v. Washington, 466 U.S. 668, 687 (1984).

Defendant's application for a certificate of appealability is DENIED, and the appeal is DISMISSED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge