**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 3, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

ANTHONY R. HAMILL,

      Defendant–Appellant.

No. 07-4157
(D.C. Nos. 2:06-CV-1003-DAK and
2:05-CR-423-DAK)
(D. Utah)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Anthony R. Hamill, a federal prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 motion for postconviction relief. For substantially the same reasons set forth by the district court, we **DENY** a COA and **DISMISS** the appeal.

On November 30, 2006, Hamill pleaded guilty in the District of Utah to a one-count information alleging possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). After accepting his plea, the district court sentenced Hamill to 120 months' imprisonment followed by 60 months of supervised

release.  Hamill did not directly appeal his conviction, but instead moved for collateral relief in December 2006.

In his § 2255 motion, Hamill raised five grounds in support of his request for relief:  (1) His trial counsel was ineffective in failing to raise a valid defense; (2) His trial counsel was ineffective in failing to disclose that counsel had a conflict of interest stemming from his position as an attorney admitted to practice law; (3) The trial court lacked subject matter jurisdiction because "the U.S. codes . . . are without an enacting clause"; (4) The trial court lacked jurisdiction because Hamill's contract with Jesus Christ "relieved [him] from the law"; and (5) The trial court violated his Fifth Amendment right to due process because the United States is "a bankrupt-fiction corporation" that "lacks the authority to prosecute any criminal or civil matters."  Concluding that all five claims raised by Hamill were frivolous, the district court denied Hamill's motion for relief.[1] Reasserting these same five arguments on appeal, Hamill now seeks a COA from this court.[2]

---

[1] Because the district court did not act on the issue of a COA within 30 days of Hamill's notice of appeal, the COA is deemed denied.  10th Cir. R. 22.1(C).

[2] Hamill may not appeal the district court's denial of habeas relief under § 2255 without a COA.  28 U.S.C. § 2253(c)(1)(B).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  Hamill must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

(continued...)

In his first argument, Hamill contends that his trial counsel was ineffective in rejecting his request to raise the Uniform Commercial Code ("U.C.C.") as a defense. Under the two-part test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 692 (1984), Hamill must prove that "counsel's representation fell below an objective standard of reasonableness" and that "any deficiencies in counsel's performance [were] prejudicial to the defense." We examine such claims with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689. Given that the U.C.C. is a civil code that governs only commercial transactions, see U.C.C. § 1-102, it provides no conceivable defense to the criminal possession of child pornography. Counsel's decision not to raise the requested defense was thus objectively reasonable and did not prejudice Hamill's overall defense.

In his second Sixth Amendment claim, Hamill asserts that his trial counsel was ineffective because of an irreconcilable conflict of interest. In essence, Hamill contends that his counsel, as a licensed attorney and member of the bar, was "a government agent sitting at the 'Defense Table'" whose first duty was to the court rather than to the client. Because Hamill did not object to this alleged conflict in the trial court, Hamill must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. See Cuyler v. Sullivan, 446

---

[2](...continued)
encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

U.S. 335, 348 (1980); <u>Selsor v. Kaiser</u>, 22 F.3d 1029, 1032 (10th Cir. 1994). An actual conflict of interest exists "if counsel was forced to make choices advancing other interests to the detriment of his client. Without a showing of inconsistent interests, any alleged conflict remains hypothetical, and does not constitute ineffective assistance." <u>United States v. Alvarez</u>, 137 F.3d 1249, 1252 (10th Cir. 1998) (citations omitted). Hamill has failed to show an actual conflict of interest in his counsel's representation and has not demonstrated that his counsel advanced any interests other than Hamill's. His claim is therefore without merit.

Hamill's remaining arguments regarding the trial court's jurisdiction and his due process rights are frivolous, and we need not consider them further. Accordingly, Hamill's request for a COA is **DENIED**, and his appeal is **DISMISSED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge