FILED
United States Court of Appeals
Tenth Circuit

September 22, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHRISTOPHER L. HARRIS,

Petitioner-Appellant,

v.

J. M. WILNER, Warden; DAVID F.
HAMILTON, U.S. Judge (IND);
LAURA A. BRIGGS, Clerk of Court
(U.S.-IND),

Respondents-Appellees.

No. 08-1162
(D.C. No. 1:07-cv-2457-ZLW)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **TACHA, BRISCOE,** and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Christopher Harris appeals an order entered by the United States District

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Court for the District of Colorado denying his application under 28 U.S.C. § 2241 for writ of habeas corpus. We affirm.

In 1999, Petitioner Harris pleaded guilty in the United States District Court for the Southern District of Indiana of conspiracy to possess with intent to distribute cocaine and cocaine base. He was sentenced to 300 months' incarceration followed by five years of supervised release. *See United States v. Harris*, No. 98-CR-121-003 (S.D. Ind. Nov. 1, 1999). No appeal was filed.

In June 2005, Petitioner filed his first 28 U.S.C. § 2255 motion under the Antiterrorism and Effective Death Penalty Act ("AEDPA") in the district court for the Southern District of Indiana, setting forth claims challenging the constitutionality of his sentence. Upon review, the district court denied the § 2255 motion because it was not timely filed and because of the waiver in the plea agreement. *See United States v. Harris*, No. 05-CV-963 (S.D. Ind. Sept. 6, 2005). No appeal was filed. In October 2007, Petitioner filed a document entitled "offer of performance" in the district court for the Southern District of Indiana. The district court treated this document as an unauthorized second § 2255 motion under the AEDPA and summarily dismissed it for lack of subject matter jurisdiction. *See United States v. Harris*, No. 05-CV-963 (S.D. Ind. Nov. 5, 2007).

In November 2007, while incarcerated at the Federal Correctional Institution in Florence, Colorado, Petitioner Harris filed a § 2241 petition in the

2

district court for the District of Colorado. He set forth claims attacking his criminal conviction and sentence based on provisions of various federal laws having no application to his conviction and sentence. The District of Colorado denied the § 2241 petition, concluding that the appropriate remedy for Petitioner was under § 2255 in the Southern District of Indiana where he was convicted and sentenced, and not under § 2241 in the District of Colorado. This appeal followed.

We review *de novo* the district court's denial of Christopher Harris' § 2241 application. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Upon review of the record and appellate brief, we conclude the district court was correct in denying the § 2241 petition. A § 2241 petition is not the proper means to raise the claims alleged by Petitioner Harris. A § 2255 motion in the Southern District of Indiana is the exclusive remedy for Petitioner to challenge his conviction and sentence, unless it is inadequate or ineffective. Petitioner, however, has not established the inadequacy or ineffectiveness of a § 2255 motion. The mere fact that he has been denied relief under § 2255 does not establish that this statutory remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). The fact that he is precluded from filing another § 2255 motion in the Souther District of Indiana does not establish that this statutory remedy is inadequate or ineffective. *See Caravalho v. Pugh,* 177 F.3d 1177, 1179 (10th Cir. 1999). And although second or successive

3

applications are restricted under the Antiterrorism and Effective Death Penalty Act, they are not prohibited.  *See* 28 U.S.C. §§ 2244(b)(2), 2255.

The district court's April 16, 2008 Order and separate judgment are **AFFIRMED**.  Petitioner's motion for leave to proceed *in forma pauperis* is **DENIED**.  All pending motions are **DENIED**.  The mandate shall issue forthwith.

ENTERED FOR THE COURT

PER CURIAM