FILED
United States Court of Appeals
Tenth Circuit

August 19, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

BILLY G. HARRIS,

     Defendant-Appellant.

No. 10-5058
(D.Ct. No. 4:89-CR-00072-TCK-2)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

Before **BARRETT, ANDERSON,** and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Billy Gene Harris, a *pro se* litigant and federal inmate, appeals the district court's dismissal of his petition for a writ of *audita querela* pursuant

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to 28 U.S.C. § 1651. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. Procedural Background

On January 30, 1990, a jury found Mr. Harris guilty of two counts of first degree murder, under 18 U.S.C. §§ 2, 1111, and 1153, for the murder of an Osage Indian couple in their home located on an Osage Indian allotment. *See United States v. Harris,* 956 F.2d 279, 1992 WL 33210, at *1 (10th Cir. Feb. 21, 1992) (unpublished op.). The district court sentenced Mr. Harris to two concurrent terms of life imprisonment. *Id.* at *2. On appeal Mr. Harris argued, in part, the district court lacked subject matter jurisdiction because the jury convicted him pursuant to 18 U.S.C. § 1153, pertaining to crimes committed by an Indian on an Indian reservation, even though he is a non-Indian.[1] He also sought suppression of his confession and other incriminating statements he made involuntarily, and raised issues concerning prosecutorial misconduct. *Id.* at **1-2, 4-10. This court affirmed Mr. Harris's convictions and sentences on direct appeal but remanded his case for reconsideration on the issue of restitution. *Id.* at **1, 10-11. In affirming his convictions, we agreed Mr. Harris should have been convicted under

---

[1] As we explained in Mr. Harris's direct appeal, 18 U.S.C. § 1153, together with § 1111, confers federal jurisdiction over any Indian who commits murder or other crimes against another Indian or other person within Indian country, while 18 U.S.C. § 1152 confers exclusive federal jurisdiction over non-Indians committing the same offenses in Indian country. *See Harris*, 1992 WL 33210, at *3 (relying on *United States v. John*, 587 F.2d 683, 686 (5th Cir. 1979)).

18 U.S.C. § 1152, which makes the murder of an Indian by a non-Indian in "Indian country" an offense within the exclusive jurisdiction of the United States, rather than under 18 U.S.C. § 1153, pertaining solely to Indians committing such an offense in Indian country. *Id.* at *3. However, we determined this jurisdictional error in the indictment and his conviction was harmless beyond a reasonable doubt. We also held "[t]he government established at trial that the alleged murders occurred within Indian country as required under § 1152." *Id.* Two further appeals followed on the district court's resolution of the restitution issue which did not affect Mr. Harris's convictions or life sentences. *See United States v. Harris*, 7 F.3d 1537 (10th Cir. 1993)*; United States v. Harris*, 982 F.2d 530, 1992 WL 367659 (10th Cir. Dec. 9, 1992) (unpublished op.).

Thereafter, the district court denied Mr. Harris's motions seeking a free trial transcript for preparation of his motion under 28 U.S.C. § 2255 and requesting the return of certain property, both of which we affirmed on appeal. *See United States v. Harris*, 96 F.3d 1453, 1996 WL 494416 (10th Cir. Aug. 27, 1996) (unpublished op.); *United States v. Harris*, 59 F.3d 179, 1995 WL 394151 (10th Cir. July 5, 1995) (unpublished op.). On April 28, 1997, Mr. Harris filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentences on various grounds, including his reassertion the district court lacked subject matter jurisdiction because he was a non-Indian and the murder did not occur on an

Indian reservation. *See United States v. Harris*, 198 F.3d 259, 1999 WL 987121, at *1 (10th Cir. Nov. 1, 1999) (unpublished op.). In denying his § 2255 motion, the district court determined this court previously ruled on the same subject matter jurisdiction issues on direct appeal, thereby barring them from further consideration. Thereafter, this court denied Mr. Harris's petition for a certificate of appealability and dismissed his appeal. *See id.* at *3.

Since filing his first § 2255 motion, Mr. Harris has filed six unsuccessful requests for authorization to file a successive § 2255 motion.[2] Mr. Harris renewed his previously adjudicated claim the federal courts lacked jurisdiction over his case because he is not an Indian and the location of the offense was not in Indian country. In denying Mr. Harris's last motion for authorization to file a second or successive 28 U.S.C. § 2255 motion, we warned him "any further effort ... to assert or reassert any substantive federal basis for relief from his 1990 conviction without satisfying the standards and requirements set forth in 28 U.S.C. § 2255, para. 8 or 28 U.S.C. § 2244(b)(3) may lead to the imposition of sanctions." We further note that in addition to these filings, Mr. Harris also unsuccessfully brought two 28 U.S.C. § 2241 actions challenging the district

---

[2] *See* Tenth Circuit Orders dated December 19, 2007 (Docket No. 07-5171); May 10, 2007 (Docket No. 07-5040); May 15, 2006 (Docket No. 06-5088); November 14, 2005 (Docket No. 05-5188); May 25, 2004 (Docket No. 04-5056); and March 28, 2002 (Docket No. 02-5028).

court's subject matter jurisdiction based on the same argument; i.e., he is a non-Indian and the offense did not occur in Indian country. He did not appeal the district court's adverse rulings in those actions.

On April 5, 2010, Mr. Harris filed the instant petition for "Writ of Error *Audita Querela*" pursuant to 28 U.S.C. § 1651, again raising the same jurisdictional issues related to his being a non-Indian and whether the murders occurred on an Indian reservation. He also requested sentencing relief under *United States v. Booker*, 543 U.S. 220 (2005), and challenged his conviction on grounds of actual innocence. In denying Mr. Harris relief, the district court explained uncertainty existed as to whether writs of *audita querela*, used to challenge a judgment correct at the time rendered but made infirm by matters arising after the judgment, continue to apply in criminal cases. However, it determined that even if such writs applied in criminal cases, 28 U.S.C. § 2255 provided Mr. Harris's exclusive post-conviction remedy, and the mere fact he has been precluded from filing a second or successive § 2255 petition did not establish the inadequacy of § 2255 as an avenue for relief. It also noted *Booker* does not have retroactive application to cases on collateral review and expressly declined to re-characterize Mr. Harris's petition as one brought under § 2255, due

to both the expiration of the applicable limitation period for bringing such a motion and Mr. Harris's previous multiple requests to file a successive § 2255 motion.

## II. Discussion

Mr. Harris now appeals the district court's denial of his petition for a writ of *audita querela*, renewing his argument he is actually innocent of the crimes charged and that the federal courts lack jurisdiction over him because "he is not an Indian" and the murders did not occur on "Indian Land." Mr. Harris's appeal lacks merit for the following reasons.

As the district court explained, we have held "a writ of *audita querela* is used to challenge a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *United States v. Torres*, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002) (quotation marks omitted). Even though the writ of *audita querela* has been abolished in civil cases, we acknowledged in *Torres* that a petition for a writ of *audita querela* might afford post-conviction relief to a criminal defendant to challenge a conviction or sentence to the extent it fills gaps in the current system of post-conviction relief. *See id.* But, in *Torres,* we also held a writ of *audita querela* is not available to challenge a conviction or sentence "when other remedies exist, such as a motion

to vacate sentence under 28 U.S.C. § 2255." *Id.* at 1245 (quotation marks omitted).

In this case, we need not decide whether our standard of review is *de novo* or is more deferential, as the district court's denial of Mr. Harris's *audita querela* petition survives even our *de novo* review. First, to the extent Mr. Harris is attempting to vacate, set aside, or correct his sentences or otherwise challenge his convictions by means of his petition for a writ of *audita querela*, 28 U.S.C. § 2255 remains the proper avenue for a post-conviction challenge. "Where a statute specifically addresses the particular issue at hand," as § 2255 does here, "it is that authority, and not the All Writs Act [under § 1651], that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quotation marks omitted). As a result, no gap exists to fill in Mr. Harris's post-conviction remedy. In other words, the fact Mr. Harris has not been successful in his § 2255 motion and requests to file a successive § 2255 motion does not mean a procedural avenue has not been available to him but simply that his arguments did not warrant merit or he failed to meet the criteria required for authorization to pursue such filings. While we have warned Mr. Harris any future request to file a successive § 2255 motion may lead to sanctions, that limitation only applies to those requests that do not satisfy the standards and requirements for filing such requests.

Even if we affirmatively deemed writs of *audita querela* are applicable in criminal cases and found a gap existed in the instant case to challenge Mr. Harris's convictions and sentences, his *Booker* argument would nevertheless fail as meritless. Following the Supreme Court's *Booker* decision, we held its principles concerning the advisory nature of the United States Sentencing Guidelines applied only to cases on direct review and not retroactively to cases on collateral review. *See Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005). Similarly, concerning his assertion of actual innocence, Mr. Harris has not shown in his brief on appeal, or anywhere else in the record before us, that an error occurred which resulted in a "complete miscarriage of justice," as required for writs filed pursuant to 28 U.S.C. § 1651, *see Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996) (regarding *audita querela* § 1651 writ); *United States v. Williamson*, 806 F.2d 216, 222 (10th Cir. 1986) (regarding *coram nobis* § 1651 writ), or as otherwise required for post-conviction relief on claims of actual innocence, *see Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *McCleskey v. Zaut*, 499 U.S. 467, 494 (1991).

Finally, as to his jurisdictional argument, it is clear that by filing a petition under 28 U.S.C. § 1651, Mr. Harris is attempting to both obtain a favorable result on an issue we repeatedly held meritless and skirt our prior sanctions warning concerning any future requests to file a § 2255 motion. His renewal in raising

this same jurisdictional argument, despite our numerous adverse rulings, demonstrates his argument here is blatantly frivolous, an abuse of the judicial process, and the cause of unnecessary expenditures of judicial resources on a matter which has been definitively adjudicated and deemed meritless. "The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Winslow v. Hunter* (*In re Winslow*), 17 F.3d 314, 315 (10th Cir. 1994) (per curiam) (quotation marks omitted). We have further held that where a party has "engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate." *Id.* (quotation marks omitted).

Accordingly, we caution Mr. Harris future post-conviction filings on frivolous issues, brought under the guise of *any* federal statute, may result in summary disposition, without discussion, and/or an order requiring him to show cause why this court should not summarily dismiss such an action and impose sanctions. *See Andrews v. Heaton*, 483 F.3d 1070, 1077-78 (10th Cir. 2007). While we granted Mr. Harris's motion for leave to proceed *in forma pauperis* in the instant action, we caution him we may limit permission to proceed *in forma pauperis* in the future, regardless of his financial ability to pay such costs and fees, based on his history of filing frivolous petitions. *See In re McDonald*, 489 U.S. 180, 183-85 (1989) (limiting petitioner from proceeding *in forma pauperis* in

future petitions for extraordinary writs based on petitioner's abuse of judicial resources); *Reneer v. Sewell*, 975 F.2d 258, 260 (6th Cir. 1992) (permitting "such prospective orders where a plaintiff has demonstrated a history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith under 28 U.S.C. § 1915(d)").  The fact Mr. Harris is a *pro se* litigant does not prohibit the court from such summary disposition and limitations on frivolous or abusive filings.  *See Haworth v. Royal*, 347 F.3d 1189, 1192 (10th Cir. 2003).

## III.  Conclusion

For the foregoing reasons, we **AFFIRM** the district court's order denying Mr. Harris's petition filed pursuant to 28 U.S.C. § 1651.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge