FILED
United States Court of Appeals
Tenth Circuit

February 1, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CHRISTOPHER HARRIS,

        Petitioner-Appellant,

v.

JULIE WANDS, Warden,

        Respondent-Appellee.

No. 10-1570
(D.C. No. 1:10-CV-02735-LTB)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Petitioner-Appellant Christopher L. Harris, a federal prisoner proceeding

pro se,[1] appeals the district court's dismissal of his application for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241. He also moves for leave to proceed

*in forma pauperis* on appeal. Exercising jurisdiction under 28 U.S.C. §§ 1291

---

[*]      This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

After examining the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]      Because Mr. Harris is proceeding pro se, we construe his filings liberally. *See, e.g.*, *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

and 2253(a), we affirm the decision of the district court, and deny Mr. Harris's motion to proceed *in forma pauperis*.

## BACKGROUND

In 1999, Mr. Harris pleaded guilty in the United States District Court for the Southern District of Indiana to conspiracy to possess with intent to distribute cocaine and cocaine base. He was sentenced to 300 months' incarceration, to be followed by five years of supervised release. No appeal was filed. Almost six years later, Mr. Harris moved for habeas relief under 28 U.S.C. § 2255. The court denied this relief because Mr. Harris's petition was untimely and barred by the waiver clause in his plea agreement. Again, no appeal was taken. A subsequent filing in 2007—quizzically entitled "offer of performance"—was treated as an unauthorized second § 2255 motion under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and was summarily dismissed for lack of subject matter jurisdiction.

In November 2007, while incarcerated at the Federal Correctional Institution in Florence, Colorado, Mr. Harris filed his first § 2241 petition in the United States District Court for the District of Colorado, asserting a number of claims attacking his conviction. The district court denied this petition, concluding that the appropriate remedy was under § 2255 in the Southern District of Indiana, where Mr. Harris was convicted. *See Harris v. Wilner*, No. 1:07-CV-02457-ZLW, 2008 WL 1765649 (D. Colo. Apr. 16, 2008). On appeal, we

affirmed.  *See Harris v. Wilner*, 294 F. App'x 384 (10th Cir. 2008).  Other filings followed.  *See, e.g.*, *Harris v. Anderson*, No. 6:10-cv-03227-RED, 2010 WL 4531405 (W.D. Mo. Nov. 2, 2010) (dismissing Mr. Harris's § 2241 petition for failure to state a constitutional violation or to exhaust his administrative remedies).

Most recently, and of primary concern here, Mr. Harris filed a § 2241 petition in the United States District Court for the District of Colorado, challenging the legality of his confinement based on civil commercial law.  *See Harris v. Wands*, No. 1:10-CV-02735-LTB, 2010 WL 5339604 (D. Colo. Dec. 10, 2010).  As the district court explained:

> Mr. Harris . . . contends in the Amended Application that once he was convicted a statutory obligation under the Uniform Commercial Code (UCC) was created in favor of the United States.  Although Mr. Harris's claims are disjointed and generally unintelligible, he appears to argue . . . that his criminal judgment constitutes a "warehouse receipt" and a "negotiable instrument" which were indorsed and delivered as payment under the UCC when he was placed at the BOP.  Mr. Harris concludes that as a result of the indorsement and payment his current warden no longer has a right to retain him.

*Id.* at *1.

The district court concluded that "Mr. Harris's attempt to effect his release through the operation of civil commercial statutes is legally frivolous[, and] Mr. Harris is entitled to no relief on his claims as a matter of law."  *Id.*  Mr. Harris now appeals that ruling.

**DISCUSSION**

On appeal, Mr. Harris renews his claims that his current warden no longer has the right to confine him based on principles of civil commercial law. He reiterates his belief that "the Judgment and Commitment Document . . . is a warehouse receipt under U.C.C. § 7-202," and claims that his "acceptance, indorsement, and delivery of [that] negotiable instrument . . . g[ave] Christopher L. Harris all rights, titles, interests, and claims to the property, i.e., the body of Christopher L. Harris, identified on the Warehouse Receipt/Judgment and Commitment Document." Aplt. Opening Br. at 4–5. He further claims that the government's "use of the [Federal Bureau of Prison's] rules and policies to reject [his] legal tender offer impairs the obligation of contracts," *id.* at 5, and asks that this court apply "The Law of Contracts" to this case, Aplt. Opening Br. Addendum at 1.

"We review the district court's dismissal of a § 2241 habeas petition de novo." *Garza*, 596 F.3d at 1203 (quoting *Broomes v. Ashcroft*, 358 F.3d 1251, 1255 (10th Cir. 2004)) (internal quotation marks omitted).[2] We find no error in the district court's determination that Mr. Harris's claims are clearly without merit. Mr. Harris does not appear to challenge the validity of his conviction, only

---

[2]     Because Mr. Harris is a federal prisoner, he does not need a certificate of appealability to appeal from the district court's denial of his § 2241 petition. *Bledsoe v. United States*, 384 F.3d 1232, 1235 (10th Cir. 2004) (citing *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997)).

its execution, and he does so based on principles of contract law. Despite his arguments to the contrary, however, Mr. Harris's sentence is not the creation of civil commercial transactions. *Cf. Beylik v. Estep*, 377 F. App'x 808, 812 (10th Cir. 2010) ("Contrary to the allegations in Beylik's numerous pleadings, he is not in confinement as a result of any 'contract' he may have signed with the [Colorado Department of Corrections] . . . ; rather, he is serving a sentence of imprisonment duly imposed by a Colorado state court."). His sentence is, instead, the result of a court's legitimate exercise of its power to impose punishment for proscribed *criminal* conduct. *See Ex parte United States*, 242 U.S. 27, 41 (1916) ("Indisputably under our constitutional system the right to try offences against the criminal laws, and, upon conviction, to impose the punishment provided by law, is judicial . . . ."); *see also United States v. Einsphar*, 35 F.3d 505, 507 (10th Cir. 1994) ("Congress enjoys the right to determine the range of permissible sentences for particular crimes, [and] the federal courts impose such sentences upon specific offenders . . . ."). Mr. Harris's use of commercial law theories based on the U.C.C. to attack the execution of his criminal sentence simply has no foundation in our laws.

We further note, as did the district court, that this is not Mr. Harris's first attempt to gain his release from prison by using civil contract law in a § 2241 action. *See Harris v. Anderson*, No. 6:10-cv-03227-RED, 2010 WL 4531408, at *1 (W.D. Mo. Oct. 14, 2010). Therefore, we pause to echo the words of warning

issued by the district court: this court will not tolerate the type of frivolous behavior Mr. Harris has thus far demonstrated in his filings. Such repetitive filings place a burdensome—and unnecessary—tax on judicial resources. *See United States v. Harris*, 391 F. App'x 740, 744 (10th Cir. 2010) ("[The petitioner's] renewal in raising this same jurisdictional argument, despite our numerous adverse rulings, demonstrates his argument here is blatantly frivolous, an abuse of the judicial process, and the cause of unnecessary expenditures of judicial resources on a matter which has been definitively adjudicated and deemed meritless."). "Federal courts have the inherent power to regulate the [filing] activities of abusive litigants," *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir.), *cert. denied*, 131 S. Ct. 163 (2010), and Mr. Harris is cautioned that further frivolous filings may result in the imposition of filing restrictions. *See Winslow v. Hunter*, 17 F.3d 314, 315 (10th Cir. 1994) (per curiam) ("The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." (alteration omitted) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989))).

## CONCLUSION

Based on the foregoing, we **AFFIRM** the dismissal of Mr. Harris's § 2241 petition. We also **DENY** his motion to proceed *in forma pauperis*, as Mr. Harris has not demonstrated "the existence of a reasoned, nonfrivolous argument on the

law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quoting *McIntosh*, 115 F.3d at 812) (internal quotation marks omitted).

                                   ENTERED FOR THE COURT


                                   Jerome A. Holmes
                                   Circuit Judge