FILED
United States Court of Appeals
Tenth Circuit

May 6, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

LAQUAN DWAYNE CARTER,

     Petitioner - Appellant,

v.

JULIE WANDS, Warehouseman/Warden

     Respondent - Appellee.

No. 11-1065
D.C. No. 1:10-CV-02816-ZLW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **LUCERO**, **GORSUCH** and **MATHESON**, Circuit Judges.

_____

After examining appellant′s brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**BACKGROUND**

Laquan Dwayne Carter was convicted of conspiracy to distribute cocaine and

---

     [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). 10th Cir. R. 32.1(A).

possession of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841, and three related offenses in the United States District Court for the District of Minnesota. On August 15, 2005, he was sentenced to 405 months in federal prison. He is currently incarcerated at the Federal Correctional Institution in Florence, Colorado. Mr. Carter filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 with the United States District Court of the District of Colorado.

In his application, he argued that he had satisfied his debt under the Uniform Commercial Code ("UCC"). He claimed this discharged him from all liability under his criminal conviction. He further claimed that Julie Wands, the warden at Florence, lacks quasi in rem jurisdiction and therefore no longer has the right to retain him in custody because the storage charges have been paid. Mr. Carter also vaguely referred to due process and equal protection, but the facts he alleged related to his UCC claim.

The district court denied the application, noting that the UCC is "not relevant to his federal conviction and is not federal law." The court concluded that Mr. Carter's claims "lack any arguable merit and must be dismissed."

## DISCUSSION

On appeal, Mr. Carter raises two claims. First, he argues that Ms. Wands lacks quasi in rem jurisdiction over him as a result of his being held under 28 U.S.C. § 3009, having satisfied, under 28 U.S.C. § 3206(a), a $13,000,000 fine, which he claims was treated as a tax lien pursuant to 28 U.S.C. § 3201(a). Second, he argues that he has satisfied his judgment pursuant to 31 U.S.C. § 5118.

2

Mr. Carter's appeal attempts to supplement his U.C.C. argument before the district court with various federal statutes, but they do not salvage his claim that Ms. Wands lacks quasi in rem jurisdiction. Neither the U.C.C. nor any of the newly cited federal statutes provide a basis to challenge the conditions of his imprisonment under 28 U.S.C. § 2241. To the extent Mr. Carter is trying to raise new claims on this appeal through citations to federal statutes not considered below, such claims are forfeited because they were not presented to the district court. This court is willing "to exercise its discretion to hear issues not raised below only in the most unusual circumstances." *U.S. v. Jarvis*, 499 F.3d 1196, 1202 (10th Cir. 2007) (quotations omitted).

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of Mr. Carter's application for a writ of habeas corpus. Because Mr. Carter has failed to raise any non-frivolous arguments, we DENY his Motion for Leave to Proceed *in forma pauperis*.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

3