FILED
United States Court of Appeals
Tenth Circuit

September 27, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CHRISTOPHER L. HARRIS,

      Plaintiff-Appellant,

v.

JOHN L. KAMMERZELL, U.S.
Marshal, Against his Individual and
Official Capacity,

      Defendant-Appellee.

No. 11-1206
(D.C. No. 1:11-cv-00435-LTB)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Plaintiff-Appellant Christopher L. Harris, proceeding pro se,[1] appeals the

district court's order dismissing his complaint as frivolous and imposing filing

---

[*]     This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Federal Rule of Appellate
Procedure 32.1 and Tenth Circuit Rule 32.1.

     After examining the appellate record, this three-judge panel
determined unanimously that oral argument would not be of material assistance in
the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument.

[1]     Because Mr. Harris is proceeding pro se, we construe his filings
liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van
Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

restrictions. In filings that are difficult to understand, Mr. Harris appears to challenge his drug conviction and sentence based upon principles of contract and/or civil commercial law. In *Harris v. Wands*, 410 F. App'x 145, 148 (10th Cir. 2011), a panel of this court affirmed the dismissal of Mr. Harris's 28 U.S.C. § 2241 petition, and cautioned Mr. Harris that "further frivolous filings may result in the imposition of filing restrictions." We conclude that Mr. Harris's latest case again presents only frivolous assertions. Accordingly, exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

After pleading guilty in the United States District Court for the Southern District of Indiana to conspiracy to possess with intent to distribute cocaine and cocaine base, Mr. Harris was sentenced to 300 months' incarceration to be followed by five years' supervised release. Mr. Harris has used commercial-law theories in an effort to gain his release from prison in at least six previous actions. *See Harris v. Wands*, No. 10-cv-02735-LTB, 2010 WL 5339604 (D. Colo. Dec. 10, 2010) (unpublished), *aff'd*, 410 F. App'x 145, 148 (10th Cir. 2011); *Harris v. Anderson*, No. 10-03227-CV-S-RED (W.D. Mo. Nov. 2, 2010) (unpublished); *Harris v. Anderson*, No. 10-cv-03225-DW (W.D. Mo. Oct. 29, 2010) (unpublished), *aff'd*, No. 10-3593 (8th Cir. Dec. 30, 2010) (summarily affirmed) (unpublished); *Harris v. United States*, No. 1:10-cv-00335-LJM-JMS (S.D. Ind. May 5, 2010) (unpublished), *appeal dismissed*, No. 10-2205 (7th Cir.

Aug. 9, 2010) (unpublished); *Harris v. United States*, No. 09-154C, 2009 WL 2700207 (Fed. Cl. Aug. 26, 2009) (unpublished); *Harris v. United States*, No. 1:08-cv-1315-DFH-TAB (S.D. Ind. Oct. 17, 2008), *certificate of appealability denied*, No. 08-3934 (7th Cir. Feb. 18, 2009) (unpublished).

In this action, Mr. Harris's complaint averments are similar to allegations that he has made in the cases listed above. In part, Mr. Harris asserts in Claim One:

> Upon being duly convicted for violation of Title 21 §§ 841, 846, which made Christopher L. Harris a slave and personal property of the United States under the U.S. Constitution, Mr. Harris was fined according to Title 21 § 841 the sum certain of $4,000,000, which was treated as a tax lien pursuant to 18 U.S.C. § 3613(c). . . . On February 7, 2011, Mr. Harris delivered payment, in good faith, and in accordance with law for satisfying payee's claim and discharging Mr. Harris pursuant to 28 U.S.C. § 3206, from liability on Judgment No. 1:98Cr00121-00, and suspend the obligation in accordance with law pursuant to 28 U.S.C. § 3201(d).

R. at 24 (Am. Compl., filed Mar. 17, 2011) (emphasis omitted).

And in Claim Two Mr. Harris asserts in part that:

> On or about February 15, 2011, plaintiff and defendant entered into a contract for full satisfaction of the claim referenced above in claim one of this complaint with the intent of extinguishing any alleged debt, duty, obligation, liability, and the like intended as obligating Christopher L. Harris for a valuable consideration. . . . Christopher L. Harris has duly performed all the terms and conditions of the contract on his part. . . . John L. Kammerzell breached the contract in that . . . he has failed or refused to: (1) prevent this account from damaging Mr. Harris in any way. (2) Confess judgment. (3) Discharge all debt(s) and judgments

'dollar for dollar' with delivered Promissory Note No. CLH-02052011-CH.

*Id.* at 25 (emphasis omitted).

## DISCUSSION

This Court reviews frivolousness dismissals for an abuse of discretion, unless the district court's decision turns on an issue of law, in which case our review is de novo. *Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003). It is patent that Mr. Harris's complaint averments—through which he attempts to effect his release from prison under principles of contract and/or civil commercial law—are legally frivolous. Accordingly, the district court was correct to dismiss his complaint.

As for the filing restrictions, we review the imposition of filing restrictions for an abuse of discretion. *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989).

> Injunctions restricting further filing are appropriate where (1) "the litigant's lengthy and abusive history" is set forth; (2) the court provides guidelines as to what the litigant "must do to obtain permission to file an action"; and (3) the litigant received "notice and an opportunity to oppose the court's order before it is instituted."

*Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (quoting *Tripati*, 878 F.2d at 353–54).

Here, the district court first issued an order to show cause why Mr. Harris should not be subject to filing restrictions in the district court, in which it detailed

Mr. Harris's lengthy and abusive filing history.[2]  After considering Mr. Harris's response to the order to show cause, the district court imposed filing restrictions that (1) enjoined Mr. Harris from filing pro se any civil action in the District of Colorado in which he seeks release from prison based on contract law, the law of commercial transactions, or any other theory of law that is legally frivolous, and (2) set forth a procedure under which any future pro se pleadings submitted by Mr. Harris will be reviewed by a magistrate judge and then by a district court judge before any determination is made that a particular pleading should not be filed because it is the type of pleading that Mr. Harris is enjoined from filing. Based upon Mr. Harris's filing history, we conclude that these restrictions are narrowly tailored and appropriate under *Ysais*.

## CONCLUSION

Because Mr. Harris's complaint presents only averments that are legally frivolous, and because, based on Mr. Harris's filing history, the filing restrictions

---

[2]     In particular, in addition to reviewing the averments set forth in Mr. Harris's complaint, the district court referenced three of Mr. Harris's previously filed cases in which he advanced the same or similar averments.

imposed by the district court are legally appropriate, we **AFFIRM**.[3]

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

---

[3]      Mr. Harris's motion to proceed *in forma pauperis* is **DENIED** and we instruct him to make full and immediate payment of the unpaid balance of his appellate filing fees.  All other pending motions are **DENIED** as moot.