**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 19, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAYMOND AMERSON,

     Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA;
RAYMOND AMERSON BEY, JR.;
CLAUDE MAYE, Warden; UNITED
STATES BUREAU OF PRISONS;
DEPARTMENT OF THE
TREASURY; UNITED STATES
DISTRICT COURT,

     Defendants - Appellees.

No. 13-3239
(D.C. No. 5:13-CV-03132-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Raymond Amerson, a federal prisoner in Kansas, filed a state court action

against his warden, the Bureau of Prisons, and various government entities. In

particular, Mr. Amerson filed documents which, he says, are authorized under the

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

terms of the Uniform Commercial Code (UCC) and satisfy all financial interests against him, including those connected to his federal criminal conviction. After the government removed the case to federal court, the district court dismissed the complaint as "frivolous" within the meaning of 28 U.S.C. § 1915A. It noted that filing UCC-related documents "in an attempt to undermine or negate the validity of his federal criminal convictions and sentences is patently frivolous." This holding constituted a "strike" under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g). Mr. Amerson now appeals.

We discern no reversible error. The UCC governs commercial transactions and cannot be used to upset criminal convictions, even collaterally. *See Carter v. Wands*, 431 F. App'x 628, 629 (10th Cir. 2011); *Harris v. Wands*, 410 F. App'x 145, 147 (10th Cir. 2011); *United States v. Hamill*, 252 F. App'x 260, 262 (10th Cir. 2007). Mr. Amerson's brief identifies no flaw in the district court's reasoning on this score. Neither do we discern any after our own independent examination. Because Mr. Amerson's appeal is "frivolous" within the meaning of the Prison Litigation Reform Act, he incurs with it a second "strike" within the meaning of the Prison Litigation Reform Act. *See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780-81 (10th Cir. 1999).

Mr. Amerson's motion for relief is denied and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge