**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 30 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GERALD D. CASTOR,

      Petitioner-Appellant,

v.

UNITED STATES PAROLE
COMMISSION; AL HERRERA,
Warden,

      Respondents-Appellees.

No. 01-1308
(D.C. No. 00-B-229)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Gerald D. Castor, a federal prisoner proceeding pro se, appeals from the district court's order adopting a magistrate judge's recommendation to deny his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He also seeks to proceed on appeal in forma pauperis. We grant the petition to proceed on appeal in forma pauperis, and we affirm. [1]

*Background*

Petitioner was charged in the federal district court for the Southern District of Indiana with nine counts in a federal indictment based on a plot to obtain the marketing rights for a non-tobacco herbal chew. He was ultimately found guilty on six of the counts charged. Count Nine (possession of a firearm by a felon) was severed and tried first. On October 30, 1989, petitioner was sentenced to eighteen months' imprisonment and given credit for pretrial time served. The next trial resulted in guilty verdicts on Counts One, Two and Three (conspiracy to commit extortion, attempted extortion in violation of the Hobbs Act, and traveling in interstate commerce to attempt extortion in violation of the Travel Act), and petitioner was sentenced on January 11, 1990, to seventeen years' imprisonment. He then entered guilty pleas to Counts Four and Six (attempted extortion and

---

[1]     A certificate of appealability is not required for a federal prisoner to appeal a final order in a proceeding under 28 U.S.C. § 2241. *Hunnicutt v. Hawk*, 229 F.3d 997, 998 (10th Cir. 2000).

interstate travel to commit an unlawful act:  attempted extortion) and the remaining two counts were dismissed.  On March 1, 1990, petitioner was sentenced on Counts Four and Six to twenty-five years' imprisonment, to run concurrently with the sentence imposed on Counts One, Two and Three.

On appeal, petitioner challenges the execution of his sentence, claiming his sentence was incorrectly calculated because the sentence on Count Nine was deemed to run consecutively to the other sentences, rather than concurrently. He also claims he is entitled to relief under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the grand jury that issued the indictment against him was not presented with all of the sentencing factors, which divested the trial court of jurisdiction.  To the extent he raises on appeal claims that he did not receive notice that his sentence would be enhanced and that his good- and earned-time credits were not calculated properly, these claims were not included in his habeas petition.  Therefore, they will not be considered for the first time on appeal. *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).

*Analysis*

The district court's denial of the § 2241 petition is reviewed de novo. *Hunnicutt v. Hawk*, 229 F.3d 997, 1000 (10th Cir. 2000).  Because plaintiff is representing himself on appeal, his pleadings will be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Petitioner's claim that his first sentence should run concurrently to the other two is governed by 18 U.S.C. § 3584(a), which provides, under certain conditions, that multiple terms of imprisonment *may* run concurrently or consecutively. Where, as here, the terms of imprisonment are imposed at different times, however, they "run consecutively unless the court orders that the terms are to run concurrently." *Id.* Petitioner does not claim that his prison term for Count Nine was *imposed* at the same time as the prison term for Counts One, Two and Three, or that the judge who sentenced him on the later convictions ordered that either sentence was to run concurrently to the sentence on Count Nine. Rather, he argues that he had not completed *service* of his sentence on Count Nine when the next sentence was imposed and, therefore, § 3584(a) requires concurrent terms. *See id.* ("Multiple terms of imprisonment *imposed* at the same time run concurrently unless . . . .") (emphasis added).

The plain language of the statute requires that petitioner's sentence on Count Nine run consecutively to his other sentences because the sentencing court did not order concurrent sentences. His reliance on the statute's language pertaining to "attempt" crimes is not applicable. *See* § 3584(a) ("the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt"). Accordingly, petitioner is not entitled to relief on this claim.

-4-

Petitioner's claim that the rule announced in *Apprendi* divested the trial court of jurisdiction due to a defective indictment, however novel, attacks the legality of his detention, rather than the execution of his sentence. Therefore, it must be filed pursuant to 28 U.S.C. § 2255 and cannot be maintained in this action brought under § 2241. *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). We cannot construe this petition as a § 2255 motion because it was not filed in the district that imposed petitioner's sentence. *See United States v. Burch*, 169 F.3d 666, 668 (10th Cir. 1999) (§ 2241 petition construed as motion filed under § 2255). Consequently, petitioner cannot receive relief from this court under *Apprendi*. We express no opinion on whether the sentencing court would consider this claim.

Petitioner's motion for appointment of counsel is denied. His three motions filed pursuant to Fed. R. App. P. 8(d) and Fed. R. Crim. P. 201(d) & (e) [sic] are denied. His request to proceed on appeal without prepayment of costs and fees is granted. The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

David M. Ebel
Circuit Judge

-5-