**F I L E D**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

LAVAUGHAN MADDIX,

       Petitioner - Appellant,

v.

UNITED STATES OF AMERICA;
(FNU) RAY, Warden, USP-
Leavenworth,

       Respondents - Appellees.

No. 02-3232
(D.C. No. 01-CV-3266-RDR)
(D. Kansas)

ORDER AND JUDGMENT *

Before **LUCERO** , **McKAY** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner LaVaughan Maddix, proceeding pro se, appeals from an order of the district court dismissing this action ostensibly brought pursuant to 28 U.S.C. § 2241. We affirm.

In 1995, Mr. Maddix was convicted by a jury in the United States District Court for the Western District of Missouri of being felon in possession of firearm. He was sentenced to 327 months' imprisonment, 5 years' supervised release, and a special assessment of $50.00. His conviction was affirmed on appeal. See United States v. Maddix, 96 F.3d 311, 316 (8th Cir. 1996).

Three years later, Mr. Maddix filed a motion in Missouri under Fed. R. Civ. P. 12(b)(6). The court construed the motion as one filed pursuant to 28 U.S.C. § 2255 and denied it as time-barred under AEDPA. The same court also denied Mr. Maddix's later motion seeking permission to file a successive § 2255 motion.

Mr. Maddix then filed this § 2241 petition in the United States District Court for the District of Kansas. [1] In his petition, he alleged that he was seeking relief from final judgment. He contended the judgment was void because the court lacked subject-matter jurisdiction over his crime as the government had failed to prove it had jurisdiction over the land and property where the crime took place, thus violating 40 U.S.C. § 255. Mr. Maddix asserted that the government

---

[1] Mr. Maddix is currently imprisoned in the United States Penitentiary, Leavenworth, Kansas. His § 2241 petition, thus, was properly filed in the Kansas federal district court. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

was required to comply with § 255 in addition to proving that the gun had traveled in interstate commerce, a fact he does not contest. He further alleged counsel was ineffective by not raising this argument on appeal and the trial court violated Apprendi v. New Jersey, 530 U.S. 466 (2000).

The district court denied relief, holding that Mr. Maddix was not seeking to attack the execution of his sentence, but rather was attacking the validity of his conviction, an action not permitted under § 2241. The court construed the petition as one seeking relief under § 2255. Thus construed, the court determined the issues were without merit and § 2241 was not available as alternative means of obtaining habeas relief when § 2255 was no longer available.

We have reviewed Mr. Maddix's brief, the record before us, and the applicable law. In light of our review, we AFFIRM the judgment of the United States District Court for the District of Kansas for substantially the reasons stated in its order of May 31, 2002. The mandate shall issue forthwith.

Entered for the Court

Monroe G. McKay
Circuit Judge

-3-