FILED
United States Court of Appeals
Tenth Circuit

**June 3, 2011**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BEN J. MULLINS,

   Petitioner-Appellant,

v.

CLAUDE CHESTER,

   Respondent-Appellee.

No. 10-3309
(D.C. No. 5:10-CV-03163-RDR)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

  After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

  Appellant, a federal prisoner proceeding *pro se*, appeals from the district court's dismissal of his 28 U.S.C. § 2241 habeas petition. We affirm. The district court correctly held that Appellant's challenges to the legality and

---

 [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdictional basis of his conviction needed to be brought under § 2255, not § 2241, and therefore needed to be filed in the Western District of Missouri, the court in which Appellant was convicted and sentenced. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). The fact that Appellant may be precluded from filing a second § 2255 petition in that court does not establish that the remedy under § 2255 is inadequate. *See Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999). Because our precedent clearly foreclosed Appellant's attempt to challenge his conviction through a § 2241 motion, we also see no error in the district court's denial of Appellant's application to proceed without prepayment of fees on appeal.

For substantially the same reasons stated by the district court, we **AFFIRM** the district court's rulings and **DENY** Appellant's *in forma pauperis* motion to this court. Appellant is ordered to immediately pay his appellate filing fees in full.

ENTERED FOR THE COURT

Monroe G. McKay
Circuit Judge

-2-