**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 24, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TYRON NUNN,

　　　　　Petitioner - Appellant,

v.

PAUL KASTNER, Warden, Federal
Transfer Center, Oklahoma City,

　　　　　Respondent - Appellee.

No. 13-6186
(D.C. No. 5:13-CV-00660-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

While in federal custody in Oklahoma City, pro se[1] litigant Tyron Nunn

petitioned the Western District of Oklahoma for relief pursuant to 28 U.S.C.

§ 2241. The district court determined that Mr. Nunn's claim must be raised in a

---

[*]　　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

　　　This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]　　　Because Mr. Nunn is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

motion under 28 U.S.C. § 2255—which must be filed in the court that entered his conviction—and therefore dismissed the petition. Mr. Nunn appeals from that order and seeks leave to proceed *in forma pauperis* ("IFP"). Because the district court's disposition was correct, we **affirm** its judgment and **deny** Mr. Nunn's motion to proceed IFP.

## I

On June 25, 2013, Mr. Nunn filed a petition pursuant to § 2241 in the Western District of Oklahoma, arguing that the indictment or information with which he was charged "fails to invoke the Court's jurisdiction" and "fails to allege that the crime . . . was committed within the jurisdiction of the court." R. at 5 (Pet., filed June 25, 2013). On initial screening, a magistrate judge issued a report and recommendation ("R & R"), recommending that the petition be dismissed without prejudice because Mr. Nunn was challenging the legality of his conviction and was therefore required to file a motion under § 2255 in the Middle District of Alabama, where his conviction was entered. Overruling what it understood to be Mr. Nunn's objections, the district court adopted the R & R and dismissed the petition without prejudice.

## II

Our review of the district court's dismissal of Mr. Nunn's § 2241 petition is de novo. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). Since Mr. Nunn is a federal prisoner seeking to proceed under § 2241, he "does

2

not need a certificate of appealability to appeal [the] district court's denial of [his] petition." *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000).

## III

Mr. Nunn's meandering brief presents no discernible argument for why the district court erred or why he is entitled to habeas relief. We could affirm the district court for that reason alone. *See United States v. Parker*, 720 F.3d 781, 784 n.1 (10th Cir. 2013) ("While we liberally construe Parker's pro se filings, we will not 'assume the role of advocate.'" (quoting *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008)); *United States v. Pablo*, 696 F.3d 1280, 1299 n.21 (10th Cir. 2012) ("[A] defendant waives an issue 'by failing to make any argument or cite any authority to support his assertion'" (quoting *United States v. Hardwell*, 80 F.3d 1471, 1492 (10th Cir. 1996))).

## A

If we do advance to the merits of Mr. Nunn's appeal, he fares no better. By way of background, a § 2241 petition "typically 'attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined.'" *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)). In contrast, a motion filed pursuant to § 2255 "is generally the exclusive remedy for a federal prisoner seeking to 'attack[ ] the legality of detention, and must be filed in the district that imposed the sentence.'" *Id.* (quoting *Bradshaw*, 86 F.3d at

3

166).

The only comprehensible legal argument Mr. Nunn makes in any of his filings is the declaration in his petition that the indictment or information with which he was charged "fails to invoke the Court's jurisdiction" and "fails to allege that the crime . . . was committed within the jurisdiction of the court."  R. at 5.  A challenge to the jurisdiction of the court of conviction is a challenge to the legality of the inmate's detention, and it consequently must be brought in a § 2255 motion in the district where the inmate was convicted.  *See Mullins v. Chester*, 424 F. App'x 794, 794 (10th Cir. 2011) ("The district court correctly held that Appellant's challenges to the legality and jurisdictional basis of his conviction needed to be brought under § 2255, not § 2241 . . . ."); *Maddix v. United States*, 62 F. App'x 215, 216 (10th Cir. 2003) (affirming a district court that construed as a § 2255 motion a § 2241 petition because it challenged a conviction on the ground that the trial "court lacked subject-matter jurisdiction over [the] crime as the government had failed to prove it had jurisdiction over the land and property where the crime took place"); *Castor v. U.S. Parole Comm'n*, 36 F. App'x 937, 939 (10th Cir. 2002) ("Petitioner's claim that the rule announced in *Apprendi* divested the trial court of jurisdiction due to a defective indictment, however novel, attacks the legality of his detention, rather than the execution of his sentence.  Therefore, it must be filed pursuant to 28 U.S.C. § 2255 and cannot be maintained in this action brought under § 2241.").

4

However, based on its independent research, the district court took judicial notice of the fact that Mr. Nunn was convicted in the Middle District of Alabama, not in the Western District of Oklahoma; Mr. Nunn has not disputed this. Therefore, absent very special circumstances discussed below, Mr. Nunn was obliged to pursue his jurisdictional challenge through a § 2255 motion in the Middle District of Alabama—not the Western District of Oklahoma, where he commenced the instant matter.

**B**

In certain "extremely limited circumstances," a prisoner is permitted to challenge the legality of his conviction in a § 2241 petition under the "savings clause" of 28 U.S.C. § 2255(e). *Abernathy v. Wandes*, 713 F.3d 538, 547 (10th Cir. 2013) (quoting *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999)) (internal quotation marks omitted). Such an exception is granted to inmates "who are barred from bringing second or successive § 2255 motions" when they can "show that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [their] detention.'" *Id.* (first alteration in original) (quoting *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011), *cert. denied*, --- U.S. ----, 132 S. Ct. 1001 (2012)). The district court took judicial notice of the fact that Mr. Nunn had already unsuccessfully pursued § 2255 relief in the court of conviction and noted that Mr. Nunn offered "no reason why" the jurisdictional theory he asserts here "could not have been raised in his initial § 2255 motion,"

5

R. at 13 R & R, filed June 28, 2013); consequently, the court reasoned that Mr. Nunn failed to meet his burden to qualify under the savings clause. *See Prost*, 636 F.3d at 584 (observing that the petitioner carries the burden of showing the savings clause applies). We see no error in the district court's ruling.

## C

In closing, we note that the district court calculated that Mr. Nunn has filed at least forty-seven other cases,[2] including eleven § 2241 challenges to his conviction in the Eastern District of Texas and five § 2255 challenges to his conviction in the Middle District of Alabama. A review of the orders relating to Mr. Nunn's other filings suggests that he has unsuccessfully attacked the legality of his confinement in courts outside the district in which he was convicted (i.e., the Middle District of Alabama) a number of times, either by way of § 2241 or through other vehicles. *See, e.g.*, *Nunn v. Vasquez*, No. 1:13cv404, 2013 WL 4048981 (E.D. Tex. Aug. 7, 2013); *Nunn v. United States*, No. 3:13cv12-MHT, 2013 WL 1099321 (M.D. Ala. Feb. 27, 2013), *adopted by district court*, 2013 WL 1099733 (M.D. Ala. Mar. 15, 2013); *Nunn v. Rivera*, 2013 WL 1003435, No. 1:12-CV-610 (E.D. Tex. Jan. 25, 2013), *adopted by district court*, 2013 WL 1003429 (E.D. Tex. Mar. 12, 2013). In addition, Mr. Nunn has been advised

---

[2] In almost all of the orders in these cases the name is spelled "Tyrone Nunn" and not "Tyron Nunn," as Mr. Nunn writes it on his filings here, but it appears to be the same individual.

several times that if he desires to contest the legality of his confinement, he must do so in the Middle District of Alabama, after he has received the requisite permission from the Eleventh Circuit to file a second or successive § 2255 motion. *See Nunn v. United States*, No. 3:13cv245-MHT, 2013 WL 2387764, at *1 (M.D. Ala. May 29, 2013); *Nunn v. United States*, No. 3:13cv12-MHT, 2013 WL 1099733, at *1; *Nunn v. United States*, No. 3:12cv1090-MHT, 2013 WL 1080454, at *1 (M.D. Ala. Feb. 22, 2013).

We echo the advice offered to Mr. Nunn by the Eastern District of Texas and by the Middle District of Alabama: if Mr. Nunn wishes to challenge the legal validity of his detention (on the ground that the court of conviction lacked jurisdiction, or on any other ground) he is required by law to raise his claim in a § 2255 motion filed in the district in which he was convicted, and if it is a second or successive § 2255 motion, he must first be granted leave to do so by the appropriate court of appeals. If Mr. Nunn continues to be inclined to raise repetitive claims under the wrong statutes or in the wrong jurisdictions, after being cautioned against such conduct, we expressly put him on notice that the district courts of this circuit, as well as our court, are empowered to impose filing restrictions or other sanctions on him to curtail such practices. *See Harris v. Wands*, 410 F. App'x 145, 147 (10th Cir. 2011) (cautioning a § 2241 petitioner that he would face filing restrictions if he continued to burden the courts with "frivolous" and "repetitive filings"); *see generally Chambers v. NASCO, Inc.*, 501

7

U.S. 32, 43 (1991) (discussing the federal courts' inherent authority to sanction litigants where appropriate).

## IV

For the reasons stated, the district court properly dismissed Mr. Nunn's § 2241 petition. We **deny** Mr. Nunn's motion to proceed IFP and **affirm** the judgment of the district court.

Entered for the Court

JEROME A. HOLMES
Circuit Judge