**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**September 11, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

TYRON NUNN, a/k/a Tyrone Nunn

Petitioner – Appellant,

v.

PAUL KASTNER, Warden, Federal
Transfer Center, Oklahoma City, OK,

Respondent – Appellee.

No. 14-6066
(D.C. No. 5:13-CV-01100-C)
(W.D. Okla.)

**ORDER AND JUDGMENT[*]**

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.


Tyron Nunn is a federal prisoner currently in custody in Oklahoma City. On June 25, 2013, Nunn filed a pro se petition under 18 U.S.C. § 2241 in the Western District of Oklahoma, arguing that jurisdiction was initially improper in his criminal prosecution.[1] A magistrate judge issued a report and recommendation, recommending that the petition be dismissed because Nunn was challenging the legality of his conviction and was therefore required to file under § 2255 in the Middle District of Alabama, where his conviction was

---

[*] After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist this appeal, so the case is ordered submitted without oral argument. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This order and judgment is not binding precedent except under the doctrines of law of the case, claim preclusion, and issue preclusion. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] This petition is not the subject of this appeal. *See* Order and Judgment, *Nunn v. Kastner*, No. 13-6186 (10th Cir. Sept. 24, 2013).

entered. The district court adopted the recommendation, and it dismissed the petition without prejudice. Nunn appealed to this court.

On appeal, we affirmed the district court, holding that Nunn's motion challenging the jurisdiction of his criminal prosecution was a § 2255 motion and that it had to be brought in the district where Nunn was convicted—the Middle District of Alabama. We noted that Nunn had already filed at least forty-seven other challenges to his conviction, citing to a number of these cases. We advised Nunn that if he continued to file "repetitive claims under the wrong statutes or in the wrong jurisdictions, after being cautioned against such conduct . . . that the district courts of this circuit, as well as our court, are empowered to impose filing restrictions or other sanctions on him to curtail such practices."

This brings us to the present appeal. On October 11, 2013, Nunn submitted another pro se[2] filing in the Western District of Oklahoma, entitled "Great Writ of Habeas Corpus." On October 21, 2013, the district court found that "[b]ased on [Nunn's] lengthy history of abusive filings, the . . . imposition of filing restrictions is warranted." The court entered an order striking the "Great Writ of Habeas Corpus" and imposed filing restrictions on Nunn. Going forward, Nunn was "prohibited from filing another case in this district against this defendant, unless he is represented by counsel or, if he proceeds pro se, provides a notarized affidavit that verifies with particularity that the new action is commenced on grounds that are distinguishable from those previously dismissed." The

---

[2] As we explained in our previous Order and Judgment, because Nunn is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

district court explained that, other than a Notice of Appeal, all further filings would be returned. Nunn filed a Notice of Appeal with the district court.

To this court, Nunn makes two arguments: first, that the court "refused to exercise jurisdiction of the habeas case"; and second, that the court "denied [Nunn] his substantive common right to demand the writ of habeas corpus . . . ."[3] We read both of these arguments as together being an appeal of the district court's order striking Nunn's "Great Writ of Habeas Corpus" and imposing filing restrictions.

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010). "Injunctions restricting further filing are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant must do to obtain permission to file an action; and (3) the litigant received notice and an opportunity to oppose the court's order

---

[3] Nunn filed a motion seeking judicial notice, under F.R.E. 201(a)–(f), that "[a]ppellate courts cannot look outside the record" and that "the record before this court is devoid of the original writ [and/or] summons." We evaluate each proposed fact separately. This court can only take judicial notice of adjudicative facts, not legislative facts. F.R.E. 201(a). "Adjudicative facts are simply the facts of the particular case. Legislative facts, on the other hand, have relevance to legal reasoning and the lawmaking process; they are established truths, facts or pronouncements that do not change from case to case but apply universally." *United States v. Wolny*, 133 F.3d 758, 764 (10th Cir. 1998) (internal citations and quotations omitted). Also, the party requesting judicial notice must supply the court with the necessary information. F.R.E. 201(c)(2). We conclude that neither fact proposed by Nunn can be properly noted under F.R.E. 201. First, whether appellate courts are prohibited from looking outside the record is a legislative fact, and thus, it is not subject to F.R.E. 201. Second, we hold that Nunn has failed to provide the necessary information for us to take judicial notice that the record lacks the original writ and summons. Even further, the record before this court does include the original writ filed by Nunn below. *See* R. vol. 1, at 3–18. Because we cannot take judicial notice of either fact proposed by Nunn, his motion is denied.

before it is instituted." *Id.* (internal quotations omitted); *see also Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (modifying the filing restrictions to cover only those filings related to the same subject matter as the defendant's previous federal lawsuits).

We previously warned Nunn in our earlier Order and Judgment that were he to raise another repetitive claim under the wrong statute or in the wrong court, any such court would have the power to impose filing restrictions. Order and Judgment, *Nunn v. Kastner*, No. 13-6186 (10th Cir. Sept. 24, 2013). We repeat that warning here. However, while the district court's order established Nunn's history of abusive filings and provided guidelines as to what Nunn must do to obtain permission to submit future filings, the record before us does not show that Nunn was given an opportunity to oppose the limitations before they were imposed. *See, e.g.*, *Tripati v. Beaman*, 878 F.2d 351, 352–54 (10th Cir. 1989) ("[The defendant] is entitled to notice and an opportunity to oppose the court's order before it is instituted."); *Andrews*, 483 F.3d at 1077 ("[I]njunctions restricting further filings are appropriate where . . . the litigant receives notice and an opportunity to oppose the court's order before it is implemented."); *In re Winslow*, 17 F.3d 314, 316–17 (10th Cir. 1994) (allowing the defendants "ten days from the date of this order to file written objections to these proposed sanctions" in accordance with *Tripati*, 878 F.2d at 352–54). Our cases have consistently held that litigants need notice and an opportunity to oppose filing limitations, even if they are simply permitted to file written objections. *See, e.g.*, *In re Winslow*, 17 F.3d at 316–17.

We conclude that the district court failed to provide Nunn with notice and an opportunity to oppose the filing restrictions. Accordingly, we vacate and remand for

further proceedings consistent with this Order and Judgment. We affirm the district court's order in all other respects. We grant Nunn's motion to proceed on appeal *in forma pauperis*.

ENTERED FOR THE COURT


Gregory A. Phillips
Circuit Judge